Cause Number 13-7268

In the United States Court of Appeals for the Fourth Circuit

United States v. James Niblock, Appellant

**APPELLANT NIBLOCK'S UNOPPOSED FIRST MOTION TO EXTEND TIME FOR FILING BRIEF ON MERITS AND OR CERTIFICATES OF APPEALABLITY**

TO THE COURT OF APPEALS FOR THE FOURTH CIRCUIT:

**Comes Appellant** James Niblock by undersigned pursuant to the Federal Rules of Appellate Procedure (Fed. R. App. P.) and rights guaranteed him under federal statutes, and **moves this court to extend time to file Appellant's brief on the merits, appendix and or on certificates of appealability** (COA).

**(1)** This motion seeks an extension of time to file Appellant's brief on the merits and or COA and the Appendix.

**(2)** The relief sought is an order of the court allowing Appellant to file his brief on the merits and or COA and Appendix by November 20, 2013.

**(3)** As grounds for the court to grant this motion, undersigned presents below.

**(4)** **4th Cir. Local R 31(c)** requires that a motion for extension of time to file a brief must be filed well in advance of the brief due date. Undersigned was with a jury many of the week-days since September 3, 2013. This federal case is the third appellate job undersigned needed to complete in the 40 days after September 2, 2013. Undersigned was unable to complete any of those appellate court duties. By extension requests, undersigned received new deadlines from the Court of Criminal Appeals of Texas by telephone on **October 8, 2013**, so the remainder of the month of October 2013 will be spent completing those two appellate briefing duties for the Court of Criminal Appeals of Texas.

Within 36 hours of undersigned's learning those highest state court ordered briefing deadlines, undersigned will have filed this federal motion.

**(5)** Before October 11, 2013, undersigned needs to file Appellant's merits brief etc. at the United States Court of Appeals for the Fourth Circuit in its cause 13-7268 styled United States v. James Niblick.  Undersigned is needing to ask for an additional 40 days to file due to inability to complete that briefing work, while preforming the necessary duties in the below  cause CR-0530-07-B.

**(6)** **Length of extension time sought is until November 20, 2013.**

**(7)** No prior extension was sought or granted to file this appellant's brief etc.

**(8)** Though undersigned is retained, duties to appellant are uncompleted.

**(9)** The below facts demonstrate good cause and reasonably explain this extension's need herein.

**(10)** PROGRESS ON THIS CASE WAS SLOWED DUE TO BELOW COMPETING CASES:

Besides a number of unlisted other legal services performed by undersigned, he performed legal services working on behalf of a number of courts and clients after September 2, 2013, including in CR-0530-07-B in the Hidalgo County Criminal Auxiliary Court A sitting for the Texas 93rd district court in a prosecution for the felony offenses of capital murder (life without parole sought) of a child under six years of age, and the first degree offenses of felony murder and of intentionally or knowingly causing serious bodily injury to child under 14 years of age.

That case was styled The State of Texas v. Smita Chakravarthy, defendant. Judge Linda Yanez (956-289-7420) presided over that hotly  contested trial.  A jury was selected on September 3, 2013. On September 4, 2013, the State made opening statement and immediately began presenting evidence.  The State rested on

September 12, 2013. On September 13, 2013, Defense made opening statement and immediately began presenting evidence. Defense rested on September 19, 2013. The State presented its rebuttal witness on September 20, 2013; the parties closed; and the jury was recessed before 9:30 a.m. that same day.  The lawyers and the court remained and worked on the three sets of the Charge of the Court (jury instructions) until past 5:00 p.m. The next morning, Saturday, September 20, 2013, the court met with the opposing counsels to finalize all three Court's Charges. On Monday, September 23, 2013, the court instructed the jury from the three Charges of the Court. Then the parties' counsel made jury arguments. The jury went to deliberate about 12:45 p.m. The court terminated that day's deliberations at about 9:30 p.m.  The following day, September 24, 2013, after about 40 more minutes of deliberation, the jury returned its verdicts of not guilty both of Capital Murder and of Felony Murder. The jury returned a verdict of guilty of the lesser included third degree offense of intentionally or knowingly causing bodily injury to child under 14 years of age.  The court recessed the jury until 9:00 a.m. on September 30, 2013.  As soon as the jury left the courtroom, Defendant was taken into custody and held without bail.

About 9:00 a.m. on September 30, 2013, the State presented its penalty phase evidence and rested. Then Defense immediately made opening statement.  Over the rest of that day and the following two days, Defense called nearly 40 witnesses to testify.  Defense rested in the p.m. of October 2, 2013.  The next day, the court read the Charge of the Court. The parties' counsel made jury arguments on penalty. The State demanded ten years in prison.  Defense requested the jury consider community supervision probation.  The jury began deliberating about 11:00 a.m. on October 3, 2013.  About 3:00 p.m. that day, the jury returned its verdict of two years in prison and a fine of $5,000; and the jury also recommended that the prison sentence be

suspended and the fine not be suspended. The court discharged the jury and recessed the case to 9:00 a.m. on October 7, 2013. That day, the court pronounced sentence at two years prison and $5,000 fine. The court suspended the prison sentence and granted community supervision probation with Defendant paying the fine at the rate of $500 monthly beginning November 1, 2013, and reporting by overnight mail once a month beginning November 1, 2013. The court ordered the County Sheriff to release the Defendant from custody. The court took judicial notice of the federal laws, which require Defendant, a citizen of India, to be deported voluntarily or as person convicted of a crime of moral turpitude or of an aggravated felony.

On October 7, 2013, Defendant immediately noticed her appeal from the trial court's judgment of conviction and sentence to the Thirteenth Court of Appeals of Texas. On request and after considering the evidence presented, the trial court found Defendant indigent for all purposes and appointed Ms. Victoria Guerra of McAllen, Texas as defense counsel on appeal and for preparing a motion for new trial.

About 5:30 a.m. on October 8, 2013, an U. S. Government employee at the Hidalgo County jail in Edinburg, Texas took custody of Smita Chakravarthy to begin a the process of her deportation back to the nation, India.

During the penalty phase, the jury heard a police lieutenant testify in effect that on almost every Friday after the first felony arrest on or about February 24, 2006, defendant Smita Chakravarthy would appear at the Mission Police Department as a condition of the bail set by Municipal Judge Wehrmeister. At that penalty phase, the jury heard the commercial bail bondsman testify in effect that on almost every Friday after one of his companies posted her bail in February 2006, Smita Chakravarthy called and checked in with himself or one of his employees.

During the penalty phase, the jury heard from more than four children aged under fourteen years of age. Some of them had been in SSE classes taught by Smita Chakravarthy during the past 18 months. There the children learned of the five Universal Human Values. Several children testified that they were a much better person for having been taught by Smita Aunti. One eleven year old boy, Sebastine, was no longer in her class; but he considered Smita Aunti to be his second mother, for she had so effected his life. He expressed how much he missed her after her jailing (on September 24, 2013), and requested to hug her as he left the courtroom.

During the penalty phase, the jury heard from Jyosna Balakrishnan. For about 18 months before September 1, 2013, Jyosna and Smita have been preparing and delivering Indian food to be eaten by the more than 100 persons located at the Salvation Army building located at 23rd Street and Pecan in McAllen, Texas.

Undersigned was retained as the criminal defense attorney to represent Smita Chakravarthy before April 1, 2006. Undersigned does not recall of her ever missing any scheduled district court hearing after the grand jury returned its three count indictment against her about February 2006.

**(11)** Within 30 days of August 19, 2013, undersigned needed to prepare and send to the Court of Criminal Appeals of Texas a petition for discretionary review (PDR) for Appellant Yolanda Vargas Gonzalez in its cause PD-1396-13 styled Yolanda Vargas Gonzalez v. State of Texas.

**(12)** Regarding cause PD-1396-13, the PDR for Appellant Yolanda Vargas Gonzalez was due to be filed with the clerk of the Court of Criminal Appeals of Texas on or before September 18, 2013, the 30th day after August 19, 2013, which is the day on when the Thirteenth Court of Appeals of Texas denied appellant Gonzalez's motion for panel rehearing in cause 13-11-00599-CR.

On July 29, 2013, that Thirteenth Court of Appeals had rendered in cause 13-11-00599-CR its judgment and unpublished memorandum opinion, affirming the trial court's judgment of conviction and sentence. That PDR job is not yet completed, due to the many duties performed in the above cause CR-530-07-B. Undersigned filed an extension at the Court of Criminal Appeals of Texas and requested through November 19, 2013, so undersigned could first complete duties herein to this Fourth Circuit. However, the Court of Criminal Appeals granted the extension and ordered that PDR to be filed on or before **October 18, 2013.** That new deadline was learned by undersigned by telephone call with a deputy clerk of the Court of Criminal Appeals of Texas on October 8, 2013. Thus, undersigned must timely complete that state scheduled PDR briefing in cause number PD-1396-13 so Appellant Yolanda Vargas Gonzalez can receive effective assistance of appellate counsel as guaranteed to her by the counsel clause and the due process clause of the U.S. Constitution, Amendments VI and XIV. Until completion of that same state PDR, undersigned is unable to complete his extensive briefing duties to the Court of Criminal Appeals of Texas in its cause PD-0646-13, and to this Fourth Circuit in its cause number 13-7268.

**(13)** Within 30 days of August 21, 2013, undersigned needed to prepare and send to the Court of Criminal Appeals of Texas a merits brief after PDR was granted by that Court in its cause PD-0646-13 styled Irving Magana Garcia v. State of Texas.

**(14)** Regarding cause PD-0646-13, the Court of Criminal Appeals of Texas granted the PDR from Appellant Irving Magana Garcia and ordered that the supporting merits brief on PDR was to be filed with its clerk on or before September 20,

2013. That merits PDR brief job is not yet completed, due to the many duties performed in the above cause CR-530-07-B. That state briefing job can be completed by undersigned by October 31, 2013. Undersigned filed an extension and the Court of Criminal Appeals granted the extension and ordered the merits brief on PDR to be filed on or before **October 31, 2013.** That new deadline was learned by undersigned by telephone call with a deputy clerk of the Court of Criminal Appeals of Texas on October 8, 2013. Thus, undersigned must timely complete that state merits PDR brief in cause number PD-0646-13 so Appellant Irving Magana Garcia can receive effective assistance of appellate counsel as guaranteed to him by counsel clause of the U.S. Constitution, Amendments VI and XIV. Until completion of that same state brief, undersigned is unable to complete his extensive briefing duties to this Fourth Circuit in its cause number 13-7268.

**(15)** When too much work on appellate and or trial courts' cases and completion of preparations for motions, pleadings, hearings, orders and trials in criminal and civil cases came due in the above time period, undersigned did not timely complete all, but tried to maintain for many courts and clients meetings at jail, office and/or courthouse and to do discovery in various cases pending in magistrate and trial courts located in the Texas counties of **Hidalgo and Cameron,** while trying to maintain a healthy mind, spirit, emotions, and body.

**(16)** PRAYER: Thus, appellant (the 2255 applicant below after being convicted below) respectfully in the interest of justice prays for and seeks a time extension to file[1] an adequate appellant's merits brief, and or COA and

---

[1] See *Lee v. Kemna*, 534 U.S. 362, 375, 378, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002) (**Court rejected** Missouri's claim that review was barred for trial counsel failed to follow state rules

Appendix herein, after being represented herein with that "effective assistance of counsel", whether or not same is yet guaranteed by the U.S. Constitution. See *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Martinez v. Ryan*, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) ("Effective trial counsel preserves claims to be considered on appeal, see, e.g., Fed. Rule Crim. Proc. 52(b), [*1318] and in federal habeas proceedings, *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000)."); *Ward v. State*, 740 S.W.2d 794 (Tex. Crim. App. 1987). Of course, the Sixth Amendment does not guarantee counsel for collateral proceedings like currently before this court by Appellant Niblock. See *United States v. Williamson*, 706 F.3d 405, 416-417 (4th Cir. 2013) ("With those precepts in mind, we turn to the precise question presented here: whether there is a Sixth Amendment right to counsel to pursue a Rule 33 motion based on newly discovered evidence filed more than fourteen days (formerly ten days) after the district court enters the judgment of conviction. Because we find such a motion to be truly collateral to the judgment of conviction and the appeal, we also find no Sixth Amendment right to counsel.").

**(17)** CONFERENCE CERTIFICATE: On October 4, 2013, undersigned spoke with and informed Government's counsel William Jauquet, of the intended filing of the above motion. The Government is unopposed to and consents to the court's granting of this motion. See 4th Cir. Loc. R. 27(a).

---

requiring written and verified continuance motion, **and held** state prisoner, whose trial judge denied a motion to continue his trial for enforcement of alibi witnesses' subpoenas, can have heard his federal habeas claims of violations of Fifth, Sixth and Fourteenth Amendment rights to due process and to present witnesses, for his asserted right to defend should not depend, in this atypical instance, where the State's procedural "Rule would serve 'no perceivable state interest'" because whether the independent state ground is adequate to support the judgment is itself a federal question).

**(18)** COMPLIANCE CERTIFICATE: The document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using WordPerfect X6 software's typeface size 14-point proportional font in Times New Roman type style with footnote in typeface size 12-point.  See also  Fed. R. App. P. 27(d); and Fed. R. App. P. Form 6.  This document consists of **2626** words according to the WordPerfect X6's word count feature on undersigned's computer.

**(19)** SERVICE CERTIFICATE:  On **October 9, 2013**, undersigned used ecf to digitally filed this document with the clerk of this court and to serve a copy thereof on opposing counsel William Jauquet for the U.S.A.

**(20)** DECLARATION:  I, Joseph A. Connors III, declare under penalty of perjury that the above is true and correct. Executed on October 9, 2013 by Joseph A. Connors III, Attorney, McAllen, Texas 78502-5838.

**(21)** Respectfully submitted by,

/s/ Joseph A. Connors III

JOSEPH A. CONNORS III
Lead Attorney for Appellant
Texas Bar No. 04705400
P. O. Box 5838
McAllen, Texas  78502-5838
(956) 687-8217 / 687-8230 FAX
connors@innocent.com