No. 13-7268

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**
    **Plaintiff/Respondent,**

**V.**

**JAMES R. NIBLOCK,**
    **Defendant/Appellant.**

---

## APPEAL FROM THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

## BRIEF OF APPELLANT JAMES R. NIBLOCK

---

Respectfully submitted
by Appellant's counsel

JOSEPH A. CONNORS III
Texas Bar No. 04705400
P.O. Box 5838
McAllen, TX  78502-5838
(956) 687-8217 OFFICE
(956) 687-8230 FAX
(956) 207-6624 CELL
connors@innocent.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................... iv

JURISDICTIONAL STATEMENT..................................... 1

STATEMENT OF THE ISSUES FOR REVIEW........................... 2

STATEMENT OF THE CASE........................................ 4

STATEMENT OF FACTS........................................... 5

    I.   The Indictment and Trial Proceedings........................ 6

    II.  The 2255 Motion and Government Response..................... 6

    III. The 2255 Court's Order Denying Relief........................ 8

    IV. Post 2255 Revelations...................................... 8

    V.  Subsequent Proceedings.................................... 10

SUMMARY OF ARGUMENT........................................ 15

ARGUMENT................................................... 17

    I.   District Court Abused its Discretion in Finding it Lacked Jurisdiction to Correct an Error of Law, Where No Wire Touched Charging District, and Venue Law Was Clear at the Time of the 2255 Proceedings............. 17

        A.  Standard of Review..................................... 17

        B.  The District Court Erred in Concluding Venue Was Proper and Consequently Counsel Was Not Ineffective, for Counsels' Venue Errors Satisfy Both Prongs of the Strickland Standard........... 19

            1.   The Law Was Plain at the Time of the 2255 Proceedings.... 25

C.   Reliance on Sworn Falsities from Ineffective Counsel... . . . . . . . . . 26

   1.   Appellant Did Not Waive Venue.. . . . . . . . . . . . . . . . . . . . . . 30

D.   The Government Forfeited Any Objection to Rule 59(e)
     Review of the 2005 Habeas Judgment. . . . . . . . . . . . . . . . . . . . 32

E.   Abuse of Discretion In Denying Rule 60(b) Relief
     Is Demonstrated In This Case, Warranting Reversal. . . . . . . . . . . 35

F.   Rule 60(b) Held Proper to Correct Errors of Law.. . . . . . . . . . . . 35

   1.   Petitioner Is Imprisoned For Acts
        Law Does Not Make Criminal.. . . . . . . . . . . . . . . . . . . . . . . . 37

   2.   Actual Innocence Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

   3.   This Circuit Requires Vacatur of Conviction In This
        Circumstance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

   4.   Sustaining Conviction Violates Equal Protection Clause
        and Bestows a Windfall to the Government. . . . . . . . . . . . . . 43

   5.   The Government's Windfall Must Be Vacated . . . . . . . . . . . . 44

II.  District Court Erred and Abused its Discretion in Finding it Lacked
     Jurisdiction and then Failing to Give Consideration to Undisputed
     Evidence that Counsel Concealed Evidence and Provided
     Materially False Affidavits in the 2255 Proceedings. . . . . . . . . . . . . . 44

A.   Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

B.   Standards for a COA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

C.   The Underlying Claim Is Clearly a Constitutional Violation. . . . . . 45

D.   Counsel's Ineffectiveness Denied Appellant His
     6th Amendment Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

E.    The Pleadings and Record Before the District Court Asserted
      a Proper 60(b) Defect in the Proceedings Claim . . . . . . . . . . . . . . 48

F.    The Attorneys' Undisputed and Proven Actions Constitute
      Defects in the Integrity of the Habeas Proceedings – A Proper
      Claim for a Rule 60(b) or 59(e) Motion. . . . . . . . . . . . . . . . . . . . . 51

G.    Equitable Principles Mandate Reaching Merits of the Issue –
      Concealment of Evidence Mandates Equitable Tolling. . . . . . . . . . 55

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

STATEMENT ON ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

# TABLE OF AUTHORITIES

## CASES

*Aikens v. Ingram,* 652 F.3d 496 (4th Cir. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Bailey v. United States,* 516 U.S. 137 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Banks v. Dretke,* 540 U.S. 668 (2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Banks v. United States,* 167 F.3d 1082 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . 54

*Barefoot v. Estelle,* 463 U.S. 880 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*Benson v. Street Joseph Regional Health Center,*
575 F.3d 542 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Bereano v. United States,* 706 F.3d 568 (4th Cir. 2013). . . . . . . . . . . . . . . . . . . . . 30

*Boryan v. United States,* 884 F.2d 767 (4th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . 18

*Boumediene v. Bush,* 553 U.S. 723 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

*Bousley v. United States,* 523 U.S. 614 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Brown v. French,* 147 F.3d 307 (4th Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*City of Cliburn v. Cliburn Living Center,* 473 U.S. 432 (1985).. . . . . . . . . . . . . . 43

*Cleveland Demolition Company Incorporated v. Azcon Scrap Corp.,*
827 F.2d 984 (4th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Cole v. Arkansas,* 333 U.S. 196 (1948).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Collison v. International Chemical Workers Union,*
34 F.3d 233 (4th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Cornell v. Kirkpatrick,* 665 F.3d 369 (2nd Cir. 2011). . . . . . . . . . . . . . . . . . . . . 28-29

*Deleon v. United States,* 133 S.Ct. 2850 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Dove v. CODESCO,* 569 F.2d 807 (4th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . 34

*Eberhart v. United States,* 546 U.S. 12 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Elmore v. Ozmint,* 661 F.3d 783 (4th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Ervin v. Wilkinson,* 701 F.2d 59 (7th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Estate of Knight v. Hoggard,* 1999 U.S. App. LEXIS 13217 (4th Cir. 1999). . . . . 55

*Galustian v. Peter,* 591 F.3d 724 (4th Cir. 2010).. . . . . . . . . . . . . . . . . . . . . . . . . 33

*GO Computer Incorporated v. Kaplan,* 508 F.3d 170 (4th Cir. 2007). . . . . . . . . . 36

*Gonzalez v. Crosby,* 545 U.S. 524 (2005) . . . . . . . . . . . . . . . . . . . . . . . . 2, 50, 52

*Hagner v. United States,* 285 U.S. 427 (1932). . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Hawkins v. United States,* 543 U.S. 1097 (2005). . . . . . . . . . . . . . . . . . . . . . . . . 25

*Hazel-Atlas Glass Company v. Hartford-Empire Company,*
    322 U.S. 238 (1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Hill v. Lockhart,* 474 U.S. 52 (1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hill v. United States,* 368 U.S. 424 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Holland v. Florida,* 130 S.Ct. 2549 (2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Holmberg v. Armbrecht,* 327 U.S. 392 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*House v. Bell,* 547 U.S. 518 (2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 38

*In Re Byron Jones,* 226 F.3d 328 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 41

*In re Pickard,* 681 F.3d 1201 (10th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Johnson v. Uribe,* 682 F.3d 1238 (amended, rehearing denied, rehearing en banc denied, 700 F.3d 413 (9th Cir. 2012), *cert. denied sub nomine Uribe v. Johnson*, 2013 U.S. LEXIS 8137 (Nov. 12, 2013).. . . . . . . . . . . . . . . . . . . . . . . 47

*Jones v. Cain,* 600 F.3d 527 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . 30

*Kimmelman v. Morrison,* 477 U.S. 365 (1986).. . . . . . . . . . . . . . . . . . . . . . . 31

*Klapprott v. United States,* 335 U.S. 601 (1949). . . . . . . . . . . . . . . . . . . . . . 36

*Kuhlman v. Wilson,* 477 U.S. 436 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Lahay v. Armontrout,* 923 F.2d 578 (8th Cir. 1991). . . . . . . . . . . . . . . . . . . 54

*Larsen v. Soto,* 730 F.3d 930 (9th Cir. 2013).. . . . . . . . . . . . . . . . . . . . . . . . 39

*Liljeberg v. Health Services Corp.,* 486 U.S. 847 (1988).. . . . . . . . . . . . . . . . 36

*Lizardo v. United States,* 619 F.3d 273 (3rd Cir. 2010).. . . . . . . . . . . . . . . . . 33

*Lockhart v. Fretwell,* 506 U.S. 364 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Lovell v. BBNT Solutions, LLC,* 299 F.Supp.2d 612 (E.D. Va. 2004). . . . . . .  54-55

*Lynce v. Mathis,* 519 U.S. 433 (1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

*McCleskey v. Zant,* 499 U.S. 467 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*McCravy v. Metropolitan Life Insurance Company,* 690 F.3d 176 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*McKinzie v. United States,* 2012 U.S. Dist. LEXIS 7207 (S.D. WV 2012). . . . . . 36

*McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013). . . . . . . . . . . . . . . . . . . . . . . . . 38

*Michel v. Louisiana*, 350 U. S. 91, 101 (1955). . . . . . . . . . . . . . . . . . . . . . . . 22

*Miller v. Stovall,* 608 F. 3d 913 (6th Cir. 2010).. . . . . . . . . . . . . . . . . . . . . . . 30

*Miller-El v. Cockrell,* 537 U.S. 322 (2003).. . . . . . . . . . . . . . . . . . . . . 45, 50, 55, 56

*Missouri v. Frye,* 132 S.Ct. 1399 (2012) . . . . . . . . . . . . . . . . . . . . . . . 10, 47-48, 51

*Murchison v. Astrue,* 466 Fed. Appx. 225 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . 36

*Napue v. Illinois,* 360 U.S. 264 (1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*National Credit Union Admin. Board v. Gray,* 1 F.3d 262 (4th Cir. 1993).. . . . . . 36

*Neder v. United States,* 527 U.S. 1 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Pacific Insurance Company v. American National Fire Insurance Company,*
        148 F.3d 396 (4th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Paulcin v. McNeil,* 2009 U.S. Dist. LEXIS 69291 (N.D. Fla. 2009). . . . . . . . . . . 56

*Reid v. Angelone,* 369 F.3d 363 (4th Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Robinson v. Wix Filtration Corporation LLC,* 599 F.3d 403 (4th Cir. 2010) . . . . 25

*Rodriguez v. Mitchell,* 252 F.3d 191 (2nd Cir. 2001).. . . . . . . . . . . . . . . . . . . 54, 56

*Roper v. Weaver,* 550 U.S. 598 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Saint Annes Development Company, Inc. v. Young,*
        443 Fed. Appx. 829, 832-834 (4th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . 34

*Salinger v. Loisel,* 265 U.S. 224 (1924). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 24

*Sanders v. Cotton,* 398 F.3d 572 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Sanders v. Sullivan,* 863 F.2d 218 (2nd Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . 29

*Schirro v. Summerlin,* 542 U.S. 348 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Schlup v. Delo,* 513 U.S. 298 (1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 39-40

*Smith v. Texas,* 550 U.S. 297 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Strader v. Garrison,* 611 F.2d 61 (4th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . 40

*Strickland v. Washington,* 466 U.S. 668 (1984). . . . . . . . . . . . . . . . 8, 19, 22, 27, 48

*Supermarket of Marlinton v. Meadow Gold Dairies,*
  71 F.3d 119 (4th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*Teleguz v. Pearson,* 689 F.3d 322 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . 18, 40

*Tollett v. Henderson,* 411 U.S. 258 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*United States v. Addonizio,* 442 U.S. 178 (1979). . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Akinsade,* 686 F.3d 248 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . 42

*United States v. Arrington,* 1998 U.S. App. LEXIS 17088 (4th Cir. 1998). . . . . . 41

*United States v. Bannister,* 467 Fed. Appx. 175 (4th Cir. Feb. 23, 2012). . . . . . . 48

*United States v. Blecker,* 657 F.2d 629 (4th Cir. 1981). . . . . . . . . . . . . . . . . . . . 22

*United States v. Bonnette,* 781 F.2d 357 (4th Cir. 1986). . . . . . . . . . . . . . . . . . . 37

*United States v. Bowens,* 224 F.3d 302 (4th Cir. 2000). . . . . . . . . . . . . . . . . . 22-23

*United States v. Clenney,* 434 F.3d 780 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . 23

*United States v. Condolon,* 600 F.2d 7 (4th Cir. 1979). . . . . . . . . . . . . . . . . . . . 24

*United States v. DeLeon,* 678 F.3d 317 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . 18

*United States v. Donato,* 866 F.Supp. 288 (W.D. Va. 1994). . . . . . . . . . . . . . . . 26

*United States v. Ebersole,* 411 F.3d 517 (4th Cir. 2005). . . . . . . . . . . . . . . . 23, 31

*United States v. Engle,* 676 F.3d 405 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . 30

*United States v. Evans*, 429 Fed. Appx. 213 (4th Cir. 2011). . . . . . . . . . . . . . . . 48

*United States v. Fisher,* 711 F.3d 460 (4th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . 41

*United States v. Ford,* 88 F.3d 1350 (4th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . 46

*United States v. Gilboe,* 684 F.2d 235 (2nd Cir. 1982). . . . . . . . . . . . . . . . . . . . . 26

*United States v. Greene,* 704 F.3d 298 (4th Cir. 2013). . . . . . . . . . . . . . . . . . . . . 19

*United States v. Gribben,* 984 F.2d 47 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . 41

*United States v. Hickman,* 626 F.3d 756 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . 37

*United States v. Holland,* 214 F.3d 523 (4th Cir. 2000). . . . . . . . . . . . . . . . . . . . . 19

*United States v. Jefferson,* 674 F.3d 332 (4th Cir. 2012). . . . . .   3, 10-13, 16, 18, 20,
23-25, 26, 34, 37-38, 41-44

*United States v. Kim,* 246 F.3d 186 (2nd Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. Lawson*, 677 F.3d 629 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . 44

*United States v. Lynn,* 592 F.3d 572 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . 35

*United States v. Mackins,* 315 F.3d 399 (4th Cir. 2003). . . . . . . . . . . . . . . . . . . . 50

*United States v. Mandel,* 862 F.2d 1067 (4th Cir. 1988). . . . . . . . . . . . . . . . . . . . 42

*United States v. Mason,* 2012 U.S. App. LEXIS 11422 (4th Cir. June 5, 2012). . . 48

*United States v. McDonald,* 1998 U.S. App. LEXIS 22073 (4th Cir. 1998). . . . . . 56

*United States v. Mooney,* 497 F.3d 397 (4th Cir. 2007). . . . . . . . . . . . . . . . . . . . 28

*United States v. Moya-Breton,* 2013 U.S. App. LEXIS 5295
(10th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*United States v. Niblock*, 254 Fed. Appx. 986 (4th Cir. 2007). . . . . . . . . . . . . 5, 16

*United States v. Pace,* 314 F.3d 344 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Pearson,* 340 F.3d 459 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . 25

*United States v. Pender*, 514 Fed. Appx. 359 (4th Cir. March 20, 2013). . . . . . . 47

*United States v. Pierce,* 409 F.3d 228 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . . 43

*United States v. Ramirez,* 420 F.3d 134 (2nd Cir. 2005),
   *cert. denied*, 546 U.S. 1113 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Riddick,* 1998 U.S. App. LEXIS 28995 (4th Cir. 1998). . . . . 41, 50

*United States v. Shamy,* 886 F.2d 743 (4th Cir. 1989). . . . . . . . . . . . . . . . . . . . 42

*United States v. Stewart,* 256 F.3d 231 (4th Cir. 2001). . . . . . . . . . . . . . . 20, 26, 31

*United States v. Stratton,* 649 F.2d 1066 (5th Cir, 1981). . . . . . . . . . . . . . . . . . 31

*United States v. Thomas,* 627 F.3d 534 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . 38

*United States v. Young,* 470 U.S. 1 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*United States v. Williams,* 461 F.3d 441 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . 46

*United States v. Winestock,* 340 F.3d 200 (4th Cir. 2003). . . . . . . . . . . . . . . 35, 52

*United States v. Woods,* 364 F.3d 704 (6th Cir. 2004). . . . . . . . . . . . . . . . . . 26-27

*Uribe v. Johnson,* 2013 U.S. LEXIS 8137 (Nov. 12, 2013) . . . . . . . . . . . . . . . . 48

*Walker v. Kelly,* 589 F.3d 127 (4th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . 48-49

*Williams v. Taylor,* 529 U.S. 362 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Wolfe v. Johnson,* 565 F.3d 140 (4th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . 40

*Workman v. Bell,* 227 F.3d 331 (6th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 54

# CONSTITUTION

Article III. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Article III, § 2 Cl. 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Article VI, § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 22, 41

Fourth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Fifth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 22, 29, 43-44, 46

Sixth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21-22, 41, 46-47

Fourteenth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 43

# STATUTES

18 U.S.C.
    §922(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
    §1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10
    §3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    §3237(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25

28 U.S.C.
    §1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    §1651. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    §2241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
    §2244. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 51, 54, 56-57
    §2253. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 51, 56
    §2254. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39, 52-53, 57
    §2255. . . . . . . . . . . . . . . . . 1-8, 11-14, 16-18, 20, 23-26, 29,
                                     31-37, 39, 42, 44-47, 49-54, 56

Rules of Civil Procedure
    15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14, 32
    15(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
    15(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
    33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

34(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
48. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 32
52(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 52-53
59. . . . . . . . . . . . . . . . . . . . . 1-2, 4, 14, 17-20, 24-25, 29-34, 45-46, 50, 56-57
59(e). . . . . . . . . . . . . . . . . . . . 4, 19, 25, 32-34, 38, 40, 44, 49, 51-53, 56
60. . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 20, 24-25, 29-32, 50, 56-57
60(b). . . . . . . . . . 2-4, 11-14, 17, 19, 32-34, 35-37, 45, 48-49, 50-54, 56
60(b)6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36, 52

Rules of Criminal Procedure
12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
18. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Sentence Guidelines (2002 Edition)
§2B1.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§2B1.1(b)(1)(K). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§2B1.1(b)(12)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§3B1.1(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§3B1.1(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§3B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§3E1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

No. 13-7268

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Crim. No. 1:02-CR-568-GBL-1** |
| **Plaintiff/Respondent,** | **Civil No. 1:04-CV-361-HEH** |
| | **U.S. District Court** |
| **V.** | **Alexandria, Virginia** |
| | |
| **JAMES R. NIBLOCK,** | **Honorable G.B. Lee** |
| **Defendant/Appellant.** | |

TO THE COURT OF APPEALS FOR THE FOURTH CIRCUIT:

After denial of relief sought under 28 U.S.C. §2255 and Federal Rules of Civil Procedure (F.R.Civ.P.) 59 and 60, Appellant Niblock files this brief, asking for Certificates of Appealability (COA) under 28 U.S.C. §§2244, 2253 and 2255.

## <u>JURISDICTIONAL STATEMENT</u>

In rendering its final orders on March 5, 2013 and July 2, 2013, which disposed of all parties' claims (J.A.[1]82 & 199), the district court had subject matter jurisdiction pursuant to 18 U.S.C. §3231, 28 U.S.C. §§1651 and 2255, and F.R.Civ.P. 59 and 60. This Court has jurisdiction pursuant to 28 U.S.C. §§1291, 2244, 2253 and 2255. Appellant noticed this appeal on August 2, 2013 (J.A.83 & 200).

No pre-filing authorization requirements of 28 U.S.C. §2244 applied before

---

[1] Joint Appendix is abbreviated as J.A. followed by appropriate page number.

1

Appellant filed Rules 59 and 60 motions. There he made a substantial showing of the denial of more than one fundamental constitutional right and clearly demonstrated his actual innocence given the ineffective assistance of counsel (IAC) and improper venue claims.

Pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings", it should not be treated as a successive habeas petition. However, if this Circuit determines any COA must issue on this appeal of the denial of Niblock's Rules 59 and 60 motions given their allegations, Niblock requests each COA issue.

## STATEMENT OF THE ISSUES FOR REVIEW

Issue 1:   Did the district court plainly err and abuse its discretion in finding it lacked jurisdiction to grant relief, where extraordinary circumstances and newly discovered evidence justify relief under Rules 59 and 60(b) due to material fraud on the 2255 court, after defense counsel admitted they rendered IAC in several ways leading Appellant to pled guilty to less favorable terms than in the Government's initial plea offer?

Issue 2:   Did the district court plainly err and abuse its discretion in finding it lacked jurisdiction to grant relief, though Appellant made a prima facie showing of serious defects in the integrity in the 2255 proceedings due to fraud on the court

resulted from Government's misconduct in asking the 2255 court to rely on the defense attorneys' suppression of evidence and untruthful affidavit(s)?

Issue 3:   Is the district court's error in denying a hearing and holding that wire fraud can be prosecuted in a district not touched by a wire, debatable among jurists of reason, where this Circuit's precedent mandates reversal, for Appellant's acts in the charging district are not criminalized?

Issue 4:   Did the district court plainly err and abuse its discretion in finding it lacked jurisdiction to grant relief, though Appellant made a prima facie showing of serious defects in the integrity in the 2255 proceedings and extraordinary circumstances of egregious errors of law made by the initial 2255 court that still result in imprisoning Niblock, who is absolute innocent of the crimes of conviction?

Issue 5:   Did the district court plainly err and abuse its discretion in denying relief and holding *United States v. Jefferson*, 674 F.3d 332, 364-369 (4th Cir. 2012) announced a new statutory interpretation, inapplicable to Rule 60(b) proceedings, though that same wire fraud venue  law was clear in this Circuit before Appellant's indictment?

Issue 6:   Did the district court plainly err and abuse its discretion in holding that absolute innocence resulting from a plain and obvious error of constitutional venue law, is not an extraordinary circumstances or a serious defect in the integrity

3

of its 2255 proceedings?

Issue 7:   Did the district court plainly err and abuse its discretion in deciding it lacked jurisdiction to find serious fraud on the 2255 court was a fundamental defect inherently resulting in a complete miscarriage of justice?

Issue 8:   Could reasonable jurists debate the district court's resolutions of the **Rules 59 or 60(b) motions**, since no rational basis supports disparate treatment for Jefferson and Niblock and denial of Appellant's Constitutional right to Equal Protection after *Jefferson* held Jefferson committed no crime but the district court found Appellant's conduct  constituted an offense on facts identical to *Jefferson*?

## STATEMENT OF THE CASE

The case is on appeal from denials of prisoner Niblock's motions filed pursuant to F.R.Civ.P. 60(b), 15, 52(b) and 59(e).

On **July 2, 2013**, the district court summarily denied (J.A.82; dcd# 293) the F.R.Civ.P. 15, 52(b) and 59(e) motion (J.A.37; dcd#281) to review earlier §2255 orders (J.A.310-371), without denying permission to file the Amended Motion.

On October 9, 2012, Appellant filed a F.R.Civ.P. 60(b) Motion (J.A.84; dcd#272), which the court denied on **March 5, 2013, for the reasons in the Government's response** (J.A.199, 179-192; dcd#280, 279).

From each above 2013 order, appeal was noticed on **August 7, 2013** (J.A.83

4

& 200; dcd#299).

Earlier a grand jury indicted Appellant in the Alexandria division on 40 counts of wire fraud (J.A.374-420; dcd#25).[2]  Trial was held on March 31 and April 1, 2003 (Trial Transcript [TT] pgs. 1-514, which is not in J.A.). On April 2, 2003, Appellant pleaded guilty to wire fraud counts 3, 9, 27, 31, and 37 (J.A.150-151). His counseled plea agreement called for pleas to five counts (J.A.421; dcd#49). On July 21, 2003, after finding total offense level was 36 and guidelines range between 188 and 235 months (J.A.442), the court sentenced this first-time offender to 235 months in custody and $500 in assessment fees. On August 1, 2003, the judgment of conviction was entered (J.A.436; dcd#72).  Appellant's 2255 application was filed on March 29, 2004 (J.A.16 & 201; dcd#80).

On February 28, 2005, the court denied 2255 relief and declined to issue a COA (J.A.337-373; dcd#127-128).  That denial, Appellant appealed.  Appellant preserved IAC claims. See his Informal Brief's pgs. 45-49, which in part reads:

> "Counsel Failed to Research Law Related to  the Facts to Assert a Venue Defense." *Id*., p. 45. "By parties' stipulation, none [of the wires] touched the Eastern District of Virginia (A29). All the wire transmissions originated outside of Virginia and terminated in Maryland (A29), without passing into or through Virginia."

*Id*., p. 46.  In case no. 06-6353, this Court issued two COA, but ultimately denied relief.  *United States v. Niblock*, 254 Fed. Appx. 986 (4th Cir. 2007).

---

[2] "dcd#___" represents district clerk docket, followed by docket item number.

## STATEMENT OF FACTS

After much fraud on the courts, the reliable facts are known, straightforward, and dispositive in this appeal.

### I.     The Indictment and Trial Proceedings

On October 24, 2002, Appellant was indicted for 40 counts of wire fraud, 18 U.S.C. §1343 (J.A.374; dcd#25).  The five counts of conviction charged defendant's "causal acts" in the Eastern District of Virginia caused wire transfers to and from other parts of the country (J.A.415-417; dcd#25 at 41-43; dcd# 273 at 3-4).

On August 21, 2002, prior to indictment, Appellant and counsel attended a proffer session at the U.S. Attorney's Office (J.A.164; dcd#273-8).  Upon leaving, Appellant *instructed* counsel to seek a plea bargain and to make a motion to dismiss for lack of venue.  Counsel refused (J.A.41-44; dcd#281).

### II.     The 2255 Motion and Government Response

On March 29, 2004, Appellant filed his original Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (J.A.201; dcd#80).  Appellant claimed the 2255 court denied Appellant's IAC claims on plea negotiations and on failing to investigate the venue issue and failing to move to dismiss for improper venue (J.A.348-356; dcd#127).

6

Government's 2255 Response defended and justified the indictment's venue

because "in the Eastern District of Virginia, the Petitioner 'caused' the money to

be wired [between other districts] as a part of the scheme to defraud."

(J.A.270;dcd#105).  "The Petitioner's preparation of false Settlement Statements

in the Eastern District of Virginia caused the wiring of money."  (J.A.273;

dcd#105).  **That Response** had three affidavits from former counsel (J.A.290-309;

dcd#105).  Both attorneys denied they were ineffective for failing to investigate

venue or in plea negotiations.  In his September 24, 2004 Affidavit, defense

counsel swore:

> Mr. Niblock also contends that counsel's representation in his case
> was ineffective and violative of his Sixth Amendment rights because
> counsel failed to research issues which may have affected the plea
> agreement, and therefore, failed to adequately advise Mr. Niblock on
> whether it was in his best interest to enter into the plea agreement....
> Mr. Niblock's claim is without merit.
>
> Contrary to Mr. Niblock's accusations, counsel conducted all
> necessary and appropriate research regarding the validity of the
> charges ....

(J.A.305 ¶ 8; dcd#105).

The other defense attorney's affidavit also denied any ineffectiveness in

plea negotiations, and claimed the very first "plea offer" letter the government

ever sent was dated October 17, 2002,[3] but admitted counsel did not convey **any**

---

[3] This offer was higher than the September 3, 2002 offer.

7

plea offer to Appellant until January 31, 2003, when he passed on the **AUSA's earlier October 17, 2002 letter** to attorney Shapiro (J.A.195 & 299 ¶ 10; dcd#105).

Counsel's Communication Log (J.A.172 dcd#273-8) substantiates his affidavit admission that it was not until March 20, 2003, when he first discussed *any* plea discussions with Appellant, after receipt of the AUSA's March 20, 2003 letter (J.A.298-299 ¶ 10; dcd#105).

## III.   The 2255 Court's Order Denying Relief

On February 28, 2005, the court issued an Order denying 2255 relief, rejecting the claim under *Strickland v. Washington*, 466 U.S. 668 (1984), that Appellant's  attorneys rendered IAC in failing to challenge venue (J.A.348-356; dcd#127).  That court held counsel effective, since venue was proper because Appellant "caused" the non-touching wire transmissions by "prepar[ing] false and misleading Settlement Statements in the Eastern District of Virginia and provided these statements to borrowers and respective lenders." (J.A.351; dcd#127).  The court also rejected Appellant's plea negotiations IAC claim by relying *entirely* on Government's evidence in ex-counsels' affidavits (J.A.352-356; dcd#127).

## IV.  Post 2255 Revelations

Starting in November of *2003*, preparing for the Section 2255 Motion filed in March of 2004, Appellant wrote letters to defense counsel on no less than

*eighteen* occasions, requesting a copy of his entire file, including "all correspondence to and from the U.S. Attorney's Office" (J.A.176-177 ¶¶ 6, 7; dcd#273). On March 28, 2008, after intervention by the Virginia State Bar and about 53 months of requests, Appellant's trial attorney forwarded him copies of all correspondence and legal research preserved in his file (J.A.157-158; dcd#273). The trial attorneys also provided, for the first time, a copy of their internal Communications Log, which detailed every form of communication[4] anyone in the office had with Appellant (J.A.163-173; dcd#273).  Counsel's file lacked evidence of any research on venue.

In this file, Appellant discovered a plea offer letter to Assistant Public Defender Davis.  It was authored, faxed and mailed by an AUSA, dated **September 3, 2002**. The AUSA's "plea offer" letter  stated the basis for the plea would consist of an offense level of 29, 30 or 31 under then *mandatory*  U.S.S.G, yielding a sentencing range of between 87 and 135 months imprisonment.  That letter urged Appellant's attorney to "swift[ly]" resolve the case under its plea agreement terms. By doing so,[5] Appellant's Mandatory U.S. Sentencing Guideline

---

[4] The log contemporaneously tracked every phone call, letter, fax, e-mail, and personal meeting.  Former counsel confirmed this log is authentic, and details every phone call, letter, fax, e-mail and meeting between Defendant and counsel.

[5] Mandatory guideline ranges were 87-108, 97-121 or 108-135 months, since total offense level is 29, 30, or 31, after using U.S.S.G. (2002 Edition) and its §2B1.1(a), base offense level is 6,

9

(U.S.S.G.) sentence would have been much less than 235 months (J.A.160; dcd#273, AUSA's September 3, 2002 letter).  With halfway house, good time, and the BOP's RDAP program, a sentence at the low end of the Guidelines would result in total incarceration of approximately 60 months. Even if the maximum Guideline sentence of 135 months had been pronounced under that initial offer for plea agreement, Appellant would be free, having served over 129 months at this writing.  **Before March 2008**, no one revealed to Appellant this Government offered "basis for plea discussions" (J.A.160; dcd#273).

## V.    Subsequent Proceedings

On March 26, 2012, this Circuit vacated a wire fraud conviction for improper venue and remanded in *United States v. Jefferson*, 674 F.3d 332, 364-369 (4th Cir. 2012) (direct appeal).  There the court reiterated it is irrelevant that defendant devises and acts upon a scheme to defraud in the charging district under 18 U.S.C. §1343.  *Jefferson* held the sole essential conduct element in a wire fraud case is the wire transmission itself; and a wire fraud offense cannot be prosecuted in a district not touched by a wire.  A defendant's "causal acts" that may "cause" wires which do not touch the district, are not criminalized under the

_____

§2B1.1(b)(1)(K), add 20 levels,
§2B1.1(b)(12)(A), add 2 levels,
§3B1.1(b) or (c), add 2 or 3 levels,
§3B1.3, add 2 levels, and
§3E1.1, decrease 2 or 3 levels.

statute. *Id.*

On April 26, 2012, Appellant filed a Motion to Recall the Mandate in the habeas appeal, 4th Cir. Case No. 06-6353, which this court denied on June 27, 2012.

On March 21, 2012, the Court in *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012), the Court said:

> This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. Any exceptions to that rule need not be explored here, for the offer was a formal one with a fixed expiration date. When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires.

On October 9, 2012, Appellant filed a Motion for Relief from Judgment, pursuant to F.R.Civ.P. 60(b) and a supporting law memorandum with exhibits (J.A.84-178; dcd#272, 273). The motion raised two claims. First, based on *Jefferson*, the district court made such a clear and obvious error of constitutional law in adjudicating the 2255 IAC/venue claims, constituting a defect in the habeas proceedings, and Appellant's continued incarceration constituted an extraordinary circumstance. Second, the suppression of the Government's initial plea offer and deceptive affidavits constitute defects in the integrity of the habeas proceedings, if not a fraud on the courts.

**After 2007, Appellant provided the district court about eight pages of**

11

his own "sworn factual declarations" (J.A. 41-44 & 175-178). It is wasteful to list those facts now and also under ARGUMENT, given the word limit for this brief.

Niblock's March 12, 2013 statement evidenced, *inter alia*: (a) his trial attorneys never communicated the Government's September 3, 2002 offer to him (J.A.175-176 ¶¶ 2, 5; dcd#273); (b) had the offer been communicated, he would have accepted it *(Id.*, at ¶ 4); ( c) he had independent evidence to substantiate he would have accepted the offer (*Id.*, ¶ 8); and (d) had Appellant been made aware of this offer by the time of the habeas proceedings, that sub-claim would certainly have been included in the 2255 motion (*Id.*, ¶ 6). Trial counsel now admits his failure to investigate was non-strategic and based on his failure to perform research and a lack of understanding venue law (J.A.41-42). Counsel finally admits he was completely ignorant of the venue law for wire fraud, his errors prejudiced NIblock, and the case law warranted dismissal of the indictment's wire fraud counts (J.A.41-43).

Appellant's facts are corroborated by the attorneys' own "Communication Log" memorializing *all* communications between Appellant and his counsel (J.A.163-173; dcd#273). That Log reveals his counsel did not communicate with Appellant *at all* during the months of September and October 2002 (J.A.164). The Log memorializes counsel had no plea discussions with Appellant until March 20,

2003 (J.A.172). There were no records in the attorneys' files of their communicating to the Government about the September 3, 2002 offer.

Appellant's sworn Declaration, attached to the Rule 60(b) Motion, informed the court that after learning of this new evidence, he filed in 2009 a Motion to Amend his previously denied 2255 motion, to include the undisclosed plea offer (J.A.178 ¶ 10; dcd#273-9). The court denied that 2009 Motion without merits determination[6] (J.A.26; dcd#201).

The Government filed a Response on March 1, 2013, attempting to interpose only two substantive defenses to the Motion: (a) the court lacked jurisdiction to consider the motion; and (b) the grounds alleged failed to meet the "extraordinary circumstance" threshold (J.A.182, 186; dcd#279).

First, the Government maintained venue for its wire fraud prosecution was proper even after *Jefferson*, which Government claimed announced "a change in substantive law" not cognizable in 60(b) proceedings (J.A.184, 189; dcd#279).[7]

Second, the Government provided *no denial* from former counsel concerning their failure: (i) to ever communicate the very favorable first plea offer to Niblock at any earlier time in the proceedings; (ii) provide Niblock a copy

---

[6] Appellant has vigorously asserted his rights on these issues since conviction.

[7] "*Jefferson* did not hold that it is only the districts where the wire began and ended that are appropriate for venue." (J.A.189; dcd#279).

of the plea offer until after being requested to on eighteen occasions for use in the habeas proceedings; and (iii) to reveal the initial plea offer to the 2255 court when the IAC plea negotiations claim, and counsel's affidavits specifically denied ineffectiveness.    Third, the Government made *no* contention the un-communicated plea offer would have been withdrawn or was not *still* acceptable to the Government.

The Government attempted to raise a procedural bar, faulting *Appellant* for not having brought the failure to communicate the plea offer claim in the *original* 2255.[8] To hold otherwise it argued, would be giving Appellant a "second bite" at the apple.

On March 5, 2013, the district court denied the Rule 60(b) motion, "for the reasons stated in the Government's Response." (J.A.199; dcd#280).

On March 19, 2013, the district clerk docketed Appellant's timely F.R.Civ.P. 15, 52, 59 "Motion to Alter or Amend Judgment, Make Additional Findings, and Permit Filing of an Amended Pleading," and supporting law memorandum (J.A.37-81; dcd#281, 282).  That motion has Niblock's Sworn Declaration attesting to the significant "newly available" admissions former

---

[8]  This frivolous argument overlooks Niblock had no opportunity to raise this claim, for all its supporting evidence was being actively hidden by the Public Defenders, who purposely same omitted from their false affidavits, which the 2255 court and this Circuit relied on at Government's insistence to deny the initial 2255 claims (J.A.298-300 ¶ 10, & 305 ¶ 8; dcd#105).

14

counsel made to Appellant *after* filing of the Rule 60(b) motion.  Government contested none of its sworn facts.

Former counsel Nachmanoff admitted:  (1) his affidavit to the court in the 2255 proceedings was misleading in several respects; (2) he never conducted any research on the venue issue, although specifically requested pre-trial to file a motion to dismiss for lack of venue; (3) the defects in venue were plain and obvious on the face of the indictment, and his failure to file a motion to dismiss was *not* a strategic decision, but was based on his misapprehension of the law; (4) had he conducted the proper research, he would have learned there was an abundance of case law specifically providing wire fraud can only be charged in a district from which the wire originates in or terminates in; (5) had a motion to dismiss been made, it would have been successful; (6) prior to trial, Niblock told counsel no charged "facsimile receipt" traveled by electronic means; (7) counsel's deficient and prejudicial advice to accept the Government's last plea offer, was not given after a thorough analysis of the venue facts and law; (8) counsel's deficient advice should now result in the vacatur of the convictions; and (9) the September 3, 2002 letter from the Government constituted a "plea offer." (J.A.41-43 ¶¶ 3-6, 295-301; dcd#281, #105).

Appointed attorney Davis admitted to Appellant:  (1) "The September 3, 2002 letter [from the U.S. Attorney] outlined the terms of a plea agreement the

15

Government was seeking"; (2) counsel never communicated the terms of this "plea

offer" to Appellant (J.A.43 ¶¶ 7-8, 301-309; dcd#281, #105).

## SUMMARY OF ARGUMENT

The Constitution must apply nationwide, including Alexandria's division,

at least upon request by a convict.  After material constitutional misconduct by the

U.S. Attorney and trial defense counsel, a series of trial, habeas and appellate

court judges failed to recognize errors of law obvious on the face of the

indictment, record, laws and Constitution of the U.S.  Due to the Government's

unrelenting efforts to keep Niblock falsely incarcerated, too many jurists have

failed to  carefully utilize the search light of the Fifth Amendment's Due Process

Clause.   Constitutional venue law necessitates this court to order Niblock's

release. Niblock's exoneration is necessitated by the national duty of all lawyers

and courts to honor the Supremacy Clause in Article VI, § 2, U.S. Constitution not

only in speech but in deed.  It is time to end this miscarriage of justice to Niblock.

Despite *United States v. Niblock*, 254 Fed. Appx. 986 (4th Cir. **November**

**21, 2007**), this case's "truly dispositive" issues have not been authoritatively

decided in this court.  The facts and legal arguments are adequately presented in

this brief and the proceedings on review herein.  The decisional process will be

significantly aided this Circuit's acknowledging the Government's trial and §2255

evidence and misconduct perpetrated frauds on the habeas court and on this

16

Circuit.  That fraud needs judicial fixing, contempt hearings for its perpetrators, and this Circuit's  acknowledgment of Niblock's absolute innocence or his right to bargain under the Government's "initial plea discussion offer."  That offer was hidden from Niblock until after **November 21, 2007**.   It was hidden first by the pre-indictment IAC of three Pubic Defenders.  It was later hidden by their materially false affidavits presented as Government's evidence.  That evidence was **found reliable and accepted as the truth** from "credible officers" of the Alexandria division's court in Niblock's initial proceedings under 28 U.S.C. §2255.

The law is clear, Appellant is incarcerated for non-criminal conduct, and this constitutes an extraordinary circumstance mandating  emergency relief.  The district court refused to acknowledge it errs in relying on "causal acts" connected to the wire transmission, and "causal acts" are not criminalized because the wire transmission itself is the only act criminalized under the wire fraud statute. J*efferson*, 674 F.3d at 367.  Other than *United States v. Niblock*, 254 Fed. Appx. 986 (4th Cir. 2007), there is no case on record in this Circuit affirming a wire fraud conviction where with no wire touched the charging district.  Appellant's Rule 60(b) motion pointed out the district court's plain error of law in the earlier 2255 proceedings.  Former counsel has admitted his failures to note the obvious venue defects were prejudicial, and the district court ignored those admissions.

17

Former counsel has also admitted to suppressing the initial plea offer before trial and during the pendency of the original §2255, and to providing a materially misleading affidavit on the subject of plea negotiations to the 2255 court. Appellant asserted legitimate Rule 60(b) claims—defects in the integrity of the habeas proceedings, which do not constitute second or successive habeas gatekeeping.

The Government's failure to object to requested Rule 59 relief as to the original habeas orders waives any timeliness argument. As such, Appellant's two underlying claims qualify for relief under each of Rule 59's criteria: a change in the law, new evidence, a clear error of law, and a manifest injustice. Given its Article III status, this Court should rectify these fundamental injustices.

## **ARGUMENT**

**I.    District Court Abused its Discretion in Finding it Lacked Jurisdiction to Correct an Error of Law, Where No Wire Touched Charging District, and Venue Law Was Clear at the Time of the 2255 Proceedings**

### **A.    Standard of Review**

This Court "reviews a district court's denial of habeas relief *de novo* and its decision not to grant an evidentiary hearing for abuse of discretion.... When a court bases its decision on an error of law, it necessarily abuses its discretion." *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (district court's conclusory

explanations did not provide sufficient analysis to enable the court to review the

reasons for its denial of petitioner's *Schlup* gateway innocence claim, and the

district court erroneously applied its *Schlup* analysis individually to each

procedurally defaulted claim rather than the totality of the evidence).

An appellate court reviews *"de novo* the contention that a district court

lacked venue over a criminal charge." *United States v. Jefferson*, 674 F.3d 332,

364 (4th Cir. 2012).  A district court's conclusions of law are reviewed *de novo*.

*United States v. DeLeon*, 678 F.3d 317, 331 (4th Cir. 2012), *cert. granted* on other

grounds by, vacated by and remanded by *Deleon v. United States*, 133 S.Ct. 2850

(June 24, 2013).

In this Circuit, abuse of discretion, which is the standard governing relief on

the basis of newly discovered evidence, is the same whether the motion is brought

under Rule 59 or Rule 60.  Rule 60 requires a party demonstrate:

> (1) the evidence is newly discovered since the judgment was entered;
> (2) due diligence on the part of the movant to discover the new
> evidence has been exercised; (3) the evidence is not merely
> cumulative or impeaching; (4) the evidence is material; and (5) the
> evidence is such that is likely to produce a new outcome if the case
> were retried, or is such that would require the judgment to be
> amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (reconsideration was

properly denied when the newly discovery evidence, upon which movant relied,

should have been discovered by due diligence). See *United States v. Holland*, 214

F.3d 523, 527 (4th Cir. 2000) (reviewing denial of Rule 60(b) motion); *Brown v.*

*French*, 147 F.3d 307, 310 (4th Cir. 1998) (reviewing denial of Rule 59(e) motion).

There are three recognized grounds for amending an earlier judgment under

Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law

or prevent manifest injustice.[9]  *Pacific Ins. Co. v. American National Fire Ins. Co.*,

148 F.3d 396, 403 (4th Cir. 1998).

## B.   The District Court Erred in Concluding Venue Was Proper and Consequently Counsel Was Not Ineffective, for Counsels' Venue Errors Satisfy Both Prongs of the *Strickland* Standard

Finding counsel was effective, despite counsel's admission <u>he was</u>

<u>ineffective</u>, is a law error by the court below (J.A.190-192, 199; dcd#279, 281).

This court "must notice an error that causes the conviction or sentencing of

an actually innocent defendant." *United States v. Greene*, 704 F.3d 298, 304 (4th

Cir. 2013).  An assertion of actual innocence establishes a procedural "gateway"

permitting review of defaulted or successive claims.  In *House v. Bell*, 547 U.S.

518, 536-537 (2006), the Court said:

> In Schlup, the Court adopted a specific rule to implement this general
> principle. It held that prisoners asserting innocence as a gateway to
> defaulted claims must establish that, in light of new evidence, "it is
> more likely than not that no reasonable juror would have found

---

[9]  Appellant's Rule 59(e) motion qualifies for each ground, if this Circuit holds *Jefferson* restated and applied settled venue law.

petitioner guilty beyond a reasonable doubt." 513 U.S., at 327, 115 S. Ct. 851, 130 L. Ed. 2d 808. This formulation, Schlup explains, "ensures that petitioner's case is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." Ibid. (quoting McCleskey v. Zant, 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)). In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims. Yet a petition supported by a convincing Schlup gateway showing "raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error"; hence, "a review of the merits of the constitutional claims" is justified.

The district court committed **constitutional errors of venue law on conviction in 2003, 2255 proceedings in 2005, and Rules 59/60 proceedings in 2013.** "The government's position on venue ignores that the crime charged in Count 10 was ... the offense of wire fraud occasioned by a single telephone call. It's distinct parts – the making and completion [of the wire transmission] – occurred in two different localities, neither of which was within the Eastern District of Virginia." *Jefferson*, 674 F.3d at 368.

In 2003, 2005 and 2013, the district court ignored the controlling venue law in *United States v. Stewart*, 256 F.3d 231, 243-244 (4th Cir. 2001) (venue for wire fraud proper when defendant caused wire communications "to be transmitted into and out of the district in which the defendant was tried") and *Salinger v. Loisel*, 265 U.S. 224, 231-235 (1924) (same in mail fraud prosecution). A circuit court "'is bound by Supreme Court dicta almost as firmly as by the Court's outright

21

holdings, particularly when the dicta is recent and not enfeebled by later statements.'" *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 181 n. 2 (4ᵗʰ Cir. 2012).

Appellant stands convicted of innocent conduct. Herein, no wire went to or from Virginia; there was no essential conduct element in Virginia; there was no venue in Virginia; and these unconstitutional convictions deprived Appellant of his Sixth Amendment venue right and of his Fifth Amendment due process right not to be incarcerated for innocent conduct.  See *Cole v. Arkansas*,  333 U.S. 196, 201-202 (1948).   When a constitutional violation probably has caused the conviction of one innocent of the crime, that is an extraordinary instance, which implicates or inherently results in a complete fundamental miscarriage of justice over which federal courts retain the authority to issue the writ of habeas corpus despite a petitioner's failure to show cause for a procedural default.  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

F.R.Crim.P. 12 required counsel to move pretrial to dismiss the facially defective indictment. An attorney performing in a professionally reasonable manner should be familiar with the venue provisions of the statute his client is charged with.  Counsel in the present case admitted he did not live up to this basic requirement. An attorney's failure to investigate accepted and meritorious defenses, cannot be characterized as "sound trial strategy."  See *Michel v.*

*Louisiana*, 350 U. S. 91, 101 (1955). "The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis ...." *Hill v. Lockhart*, 474 U. S. 52, 62 (1985) (WHITE, J., concurring in judgment).

In order to show prejudice in the context of a guilty plea, appellant must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This standard is easily met. Appellant went to trial. In assessing the prejudice prong by objectively viewing the likely outcome of a trial had the defendant not pleaded guilty, whether the affirmative defense likely would have succeeded at trial, *Hill*, 474 U.S. at 59, counsel himself has now admitted the venue defense would have succeeded pretrial as to all conviction counts. This is a substantial *prima facie* showing of denial of venue, a fundamental constitutional right. COA or reversal should issue.

"The sixth amendment unequivocally mandates trial in the 'State and district wherein the crime shall have been committed', and proof of venue is therefore an essential part of the government's case without which there can be no conviction...."[10] *United States v. Blecker*, 657 F.2d 629, 632 (4th Cir. 1981).

---

[10] See Amendment VI and Article VI, § 2, U.S. Constitution. Section 2 on venue directs a criminal trial "shall be held in the State where the said Crimes shall have been committed." Congress reinforced this mandate in F.R.Crim.P. 18.

23

"[T]he place where a criminal offense is committed is determined solely by the essential conduct elements of that offense." *United States v. Bowens*, 224 F.3d 302, 311 (4th Cir. 2000) (reversal: no essential conduct element of the crime occurred in charging district). In a "wire fraud prosecution, the ... wire transmission itself" is the "sole" essential conduct element. *Jefferson*, 674 F.3d at 367 (reversing Alexandria division's conviction).

No wire fraud offense was committed in Virginia in this Appellant's case, because no wire transmission went to or from Virginia. See *United States v. Clenney*, 434 F.3d 780 (5th Cir. 2005) (reversing guilty plea conviction where no essential conduct element took place in charging district). Compare *United States v. Ebersole*, 411 F.3d 517, 525-528 (4th Cir. 2005) (affirming convictions as payments were wired into the charging Alexandria division).

The district court's resolution of the original habeas motion as well as the Rules 59 and 60 motions is debatable, because *Jefferson* cites authority that venue must be narrowly construed, and must be proved for each count.[11] *Jefferson*, 674 F.3d at 364-369.

The district court also erred by failing to recognize governing principles in *Jefferson* detail old law.

---

[11]   Much of which case law was cited in Appellant's 2255 motion and preliminary informal 2255 brief.

The district court further erred in adopting the Government's contention *Jefferson* was a "new" change in the substantive law of wire fraud, and trial counsel could not be held accountable for "caselaw that was decided over nine years later." (J.A.187-190; dcd# 279).

A substantive change in the law occurs only when a new decision cannot be reconciled with Fourth Circuit or Supreme Court precedent. In conducting its statutory analysis, *Jefferson* cites supporting Fourth Circuit case law going back to 1979.[12]   That venue case law is consistent with Supreme Court mail fraud conviction precedents.   See *Hagner v. United States*, 285 U.S. 427, 429-431 (1932) (indictment sufficient in district to which mail is addressed); *Salinger v. Loisel*, 265 U.S. 224, 234 (1924) (venue proper in district where mail is delivered). Case law's application of the venue statute, 18 U.S.C. §3237(a), was clear at the time of the 2255 proceedings herein, and before return of the indictment herein.

Cognizable by 2255 motion is a claim of constitutional error or other legal error, which constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  This constitutional venue claim was cognizable on 2255.  There is no reasoned basis for the 2255 court's orders.  Its erroneous disposition was an abuse

---

[12]   *United States v. Condolon*, 600 F.2d 7, 8 (4th Cir. 1979) is cited in *Jefferson*, 674 F.3d at 366.

25

of discretion fixable by motions under Rules 59 and 60. Appellant needs a Circuit fix of this complete miscarriage of justice.

The district court additionally abused its discretion in failing to recognize the controlling statute, 18 U.S.C. §3237(a), *also* forbids a wire fraud conviction in any district not touched by a wire. This error of law underlies judicial denial of Niblock's claims brought under 2255, and Rules 59 and 60.

Only this Circuit has the time, resources, and wisdom to correct the manifest injustices given the myriad of extraordinary circumstances demonstrated below by this absolutely innocent Appellant. In evaluating Rule 59(e) motions, this Court assesses "one overarching issue: whether the district court properly considered Rule 59(e)'s concern for preventing manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 416 n. 1 (4th Cir. 2010) (King, J. dissenting). Such concern below only Appellant had.

### 1. The Law Was Plain at the Time of the 2255 Proceedings

Former counsel has admitted the controlling venue law was indeed plain even at the time of indictment (J.A.41-43; dcd#281). The district court committed a clear error of law and abused its discretion in approving the Government's unconstitutional reliance in convicting Niblock on principles like those in *United States v. Pearson*, 340 F.3d 459 (7th Cir. 2003), *vacated on other grounds* by *Hawkins v. United States*, 543 U.S. 1097 (2005). But *Pearson* is inapplicable in

26

this Circuit. *Jefferson*, 674 F.3d at 364-365, 368-369 n. 48.

Before *Jefferson*, the law of venue regarding wire fraud offenses was **well established** before Appellant's indictment or 2255 disposition. See *United States v. Stewart*, 256 F.3d 231, 243-244 (4th Cir. 2001) (venue for wire fraud proper when defendant, "although not the actual sender or receiver of wire transmissions, caused communications to be transmitted into and out of the district in which the defendant was tried"). Collecting cases authorizing wire fraud prosecution only where defendant "caused" wire to be transmitted to or from charging district, *Stewart* cited *United States v. Gilboe*, 684 F.2d 235, 237, 239 (2nd Cir. 1982) (holding venue was proper in New York for wire fraud when defendant telephoned New York to arrange the fraudulent conduct); and *United States v. Kim*, 246 F.3d 186, 192 (2nd Cir. 2001) (holding venue was proper for wire fraud conviction when defendant **"caused communications to be transmitted into and out of" the district in which defendant was tried**). *Jefferson*, 674 F.3d at 365-369. *Jefferson* merely applied well established Circuit law, which is well set out in *United States v. Donato*, 866 F.Supp. 288, 292-293 (W.D. Va 1994).

## C.    Reliance on Sworn Falsities from Ineffective Counsel

Appellant was prejudiced by his trial attorneys' failure to challenge the indictment, since as trial defense counsel has now admitted, a reasonable probability exists that a motion to dismiss the indictment for lack of venue to

27

prosecute would have succeeded (J.A.41-43; dcd#281).   Such order of dismissal, the district court was constitutionally obligated to enter on request.  *United States v. Woods*, 364 F.3d 704, 709-714 (6th Cir. 2004) (reversing convictions since venue is limited to districts where mail is deposited, received, or moves through, even if the fraud's core was elsewhere); *United States v. Ramirez*, 420 F.3d 134, 138-148 (2nd Cir. 2005), *cert. denied*, 546 U.S. 1113 (2006) (mail fraud and visa fraud convictions vacated for improper venue when essential conduct element did not occur in district); and *United States v. Pace*, 314 F.3d 344, 349-352 (9th Cir. 2002) (wire fraud conviction vacated as essential conduct did not occur in district).

Niblock's counsels' performance in failing to investigate and to move for dismissal claiming no facts supported venue in the Eastern District of Virginia, "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Counsel forfeited Appellant's right to dismissal. After Appellant's request to challenge venue (J.A. 41), trial counsel failed to do so or to investigate whether the law supported such a "winning" issue.  That counsel admitted Appellant was obviously prejudiced in this regard, as the errors and advice to accept the Government's plea offer resulted in criminal convictions and lengthy sentences for offenses not indictable in the charging district (J.A.41-43; dcd#281). "[B]ut for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id*., at 694.

In *Elmore v. Ozmint*, 661 F.3d 783, 851-872 (4th Cir. 2011), the court reversed denial of habeas relief with instructions to award the writ, because there was no strategic reason for counsel's failure to investigate State's forensic evidence, and no amount of deference would compel any fair conclusion other than that petitioner was thereby prejudiced and denied effective assistance of counsel.

In *United States v. Mooney*, 497 F.3d 397, 404-409 (4th Cir. 2007), the court said: "In short, we conclude that Mooney was denied effective assistance of counsel in entering a guilty plea and that he was prejudiced by that ineffective assistance",  given counsel's "patently inaccurate" advice to defendant that unavailable was the particular defense specifically requested by defendant, who would not have pleaded guilty but for advice of counsel. Prejudicial was counsel's failure to investigate "justification" as a defense to the 18 U.S.C. §922(g) charge. Justification went to the heart of defendant's criminal liability, and the proposed defense "would likely [have] persuaded the jury". *Id*. at 408.

In the case at bar, counsel admits his advice to plead guilty was deficient, prejudicial, and conducted in the vacuum of no research on the venue issue (J.A.42-43; dcd#281).  Appellant has always maintained he would not have plead guilty but for counsel's advice; and thus, Appellant is constitutionally entitled to

29

relief from the prior errors of law made by the habeas and appeals courts (J.A.41-42; dcd#281). The Government could never prove venue in the charging district. Defense trial counsel belatedly now admits his actions were prejudicial and not strategic, after a decade of Appellant's false imprisonment. See *Cornell v. Kirkpatrick*, 665 F.3d 369, 379-384 (2ⁿᵈ Cir. 2011) (reversal of state conviction on ground trial counsel provided IAC in failing to challenge improper venue).

Each of counsel's new material admissions against his own penal interest completely recants counsel's previous §2255 essential testimony, presented as reliable by Government and found as truthful by the habeas and appeals court (J.A. 41-44, 290-309; dcd#281, 105).

It is a serious miscarriage of justice for the district court to permit its and Government's "Circuit-sanctioned" use of that extraordinarily false material evidence to go uncorrected after juristic and prosecutorial knowledge of the credible recantation at a Rule 59 or 60 proceeding, denied Niblock due process under the Fifth Amendment. See *Napue v. Illinois*, 360 U.S. 264 (1959); and *Sanders v. Sullivan*, 863 F.2d 218, 222-227 (2ⁿᵈ Cir. 1988) (confidence in judicial outcome is undermined when a credible recantation of the material testimony in question would most likely change the outcome of the trial, and rise to the level of a due process violation, if a state, alerted to the recantation, leaves the conviction in place).

Such is the materiality of each defense attorney's credible recantation in Rule 59(e) or 60(b) proceedings of his relevant prior 2255 testimony. Such material recantation dissipates, or at least undermines, judicial belief in the fairness of the final 2255 order denying relief, after the habeas and appeals courts' relied on false testimony from Government. That 2255 order is based on serious perjury and fraud on the court. That 2255 order left in place the conviction and lengthy incarceration of a truly innocent person. That is a due process violation of such an extraordinary nature leaving the court with a firm belief that but for the perjurious testimony, Niblock would have received relief from the initial habeas or appeals court. Such an extraordinary circumstance is cognizable by Rules 59 and 60 motions. By holding otherwise, the district court erred in law and continued the nearly decade long deprivation of due process and jailing of Niblock, who is innocent under venue law mandated by the U.S. Constitution.

## 1.   *Appellant Did Not Waive Venue*

"Venue is a question of fact in which the burden of proof rests with the Government ...." *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012). Government never claimed "harmless error" regarding venue error or IAC claims. That defense is waived by not raising it in response to the Rules 59 and 60 motions. See e.g. *Bereano v. United States*, 706 F.3d 568, 578 (4th Cir. 2013) (*Neder*'s beyond a reasonable doubt review is appropriate when the alleged error

is constitutional regarding an offense element). See also *Jones v. Cain*, 600 F.3d 527, 540-541 (5th Cir. 2010) (state waived harmless error argument by failing to raise it in response to habeas petition); *Miller v. Stovall*, 608 F. 3d 913, 926-927 (6th Cir. 2010) (same); *Sanders v. Cotton*, 398 F.3d 572, 582 (7th Cir. 2005) (same).

However, by waiting until the post-trial proceeding to challenge improper venue, a defendant waives the issue. *United States v. Ebersole*, 411 F.3d 517, 528 (4th Cir. 2005) (**direct appeal**). But here, the actual 2255 claim made (and belatedly admitted by counsel) was IAC for failing to move pre-trial to dismiss the indictment for improper venue. That unprofessional omission is a valid 2255 claim. To hold otherwise, conflates the actual claim being made with the underlying error.

A failure to recognize the viability of an IAC claim in a situation like this, would deny Niblock's effective assistance of counsel. See e.g. *Kimmelman v. Morrison*, 477 U.S. 365, 382 n. 7 (1986) (attorney's failure to file a motion to suppress did not constitute a waiver of the underlying outcome-determinative Fourth Amendment claim). "Because proper venue is a constitutional right, waiver of venue rights through failure to object should not be readily inferred." *United States v. Stewart*, 256 F.3d 231, 238 (4th Cir. 2001).

Any ambiguity as to the defendant's intent to waive venue should be

interpreted in favor of the defendant, in light of the Constitution's underpinning the defendant's right to proper venue. *Id.* at 239. See *United States v. Stratton*, 649 F.2d 1066, 1077 (5th Cir. 1981) (reversing conviction for improper venue: "An attorney who ... makes it clear that he is ignorant of his client's right to demand a trial in the state and district in which the crime was allegedly committed cannot knowingly and voluntarily waive his client's venue right.").

In the present case, counsel admitted he ignored his client's specific pre-trial requests to investigate the venue issue, admitted he conducted no research on the issue, and admitted there was no strategic reason for these failures (J.A.41-43; dcd#281). The improper venue issue was not waived by Appellant prior to sentencing and is a proper IAC claim warranting a COA on 2255 review or later review under Rule 59 or 60.

### D. The Government Forfeited Any Objection to Rule 59(e) Review of the 2005 Habeas Judgment

Appellant filed his Rule 60(b) motion and supporting law memo in the district court on October 9, 2012, detailing defects in the habeas proceedings, to wit: (i) an error of law by the district court in the 2255 proceedings; and (ii) defense trial counsel's misleading affidavits and withholding of critical evidence in those habeas proceedings. The Government filed its Response on Friday, March 1, 2013. On March 5, 2013, the district court issued **its order adopting**

33

**Government's Response** and denying Rule 60(b) motion (J.A.84-199; dcd#272-273, 279-280).

On March 19, 2013, Appellant filed his Motion to Alter or Amend Judgment, Make Additional Findings, and Permit Filing of an Amended Pleading (F.R.Civ.P. 15, 52, 59). That motion sought Rule 59(e) relief for the March 5, 2013 orders and the February 28, 2005 orders. The Government filed no response (J.A.37-38, 82; dcd#293, 281, 127-128).

By filing[13] his amended pleading within 21 days after service of Government's responsive Rule 60(b) pleading, Appellant had an "absolute right to amend his complaint" to include the new evidence and to assert Rule 59 relief from the *original* habeas judgment. *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (vacating district court decision and remanding where district court abused its discretion in denying Plaintiff's absolute right to amend the complaint's allegations and add a party under F.R.Civ.P. 15(a) before Defendant had filed a responsive pleading). No district court order denied permission to file the Amended Motion.

The portion of the Rule 59(e) motion, which challenges the February 28, 2005 Judgment was not filed within 28 days of *that* 2255 judgment. But the Government failed below to object to that claim processing rule. See *Lizardo v.*

---

[13]  F.R.Civ.P. 15(a)(1)(B).

*United States*, 619 F.3d 273, 274 (3rd Cir. 2010) ("Rule 59(e) is a claim processing rule [not a jurisdictional one]. Accordingly, a timeliness objection may be forfeited if it is not raised in the district court"). See *Eberhart v. United States*, 546 U.S. 12, 15-20 (2005) (Government's delay in raising untimeliness defense to motion supplementing new trial memorandum, which invoked F.R.Civ.P. 33 and 45, held to constitute forfeiture of defense, as Rules are claim processing, not jurisdictional); *Rice v. Rivera*, 617 F.3d 802, 810-811 (4th Cir. 2010) (F.R.Crim.P. 48 is a claim processing rule and the Government forfeited any right to claim it could not be used by omitting to so claim in the district court).

Appellant submits the Government's failure to object to the request for Rule 59(e) relief as to the February 28, 2005 habeas judgment, forfeits that defense, and extends appellate review[14] to the underlying Order denying habeas relief.

Appellant qualifies for Rule 59(e) relief under each of the three approved grounds[15]: (1) *Jefferson* represents no change in substantive law, though the

---

[14]  See *Dove v. CODESCO*, 569 F.2d 807, 809-810 (4th Cir. 1978) (appeal of an order regarding Rule 59 motion brings the Rule 59 Order and the underlying Order before the appellate court).

[15]  See *Collison v. International Chemical Workers Union*, 34 F.3d 233 (4th Cir. 1994) (reversing denial of Rule 59(3) relief due to error of law); *Saint Annes Development Company, Inc. v. Young*, 443 Fed. Appx. 829, 832-834 (4th Cir. 2011) (reversing denial of Rule 59(e) relief due to error of law). See *Smith v. Texas*, 550 U.S. 297, 314-316 (2007) (reversal for state habeas court's misinterpretation of federal law).

Government contended and the district court held otherwise; (2) there are at least two items of new evidence warranting relief, not available at the time of the 2255 proceedings: the suppressed plea offer; and counsel's new admissions of ineffectiveness; and (3) **the district court committed a clear error of law in finding no error, and the 60(b) judgment embodies a manifest injustice, because Niblock stands convicted of non-criminal conduct** and his attorneys suppressed evidence which would have garnered his freedom on initial 2255 proceedings in 2005.

### E.    Abuse of Discretion In Denying Rule 60(b) Relief Is Demonstrated In This Case, Warranting Reversal

"[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper [Rule 60(b)] motion to reconsider." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (a proper Rule 60(b) claim is an allegation government agents or witness(es) perpetrated a fraud on the court during the collateral review proceedings).

If a district court abuses its discretion, this Circuit will "reverse unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). The Government bears the burden of demonstrating any judicial error was harmless. *Id*. at 585. Here, as in *Lynn*, the Government did *not even contend* the errors were harmless. These errors "seriously affect the fairness,

integrity, or public reputation of judicial proceedings." *United States v. Young*, 470 U.S. 1, 15 (1985)

In the case at bar, it would be unconscionable not to set aside the earlier habeas judgment, and fashion belated relief. The newly available evidence shows there was no basis whatsoever in law or in fact for the 2255 judgment. Appellant submits the issue should warrant a COA under Rule 60(b) or the vacatur of the district court's order denying the Rule 60(b) motion.

## F.     Rule 60(b) Held Proper to Correct Errors of Law

"In deeming a movant to be entitled to Rule 60(b) relief because of a court's mistake however, we have relied on clause (6)." *Aikens v. Ingram*, 652 F.3d 496, 510 (4th Cir. 2011) (en banc) (Judges King and Davis, dissenting). See *GO Computer Inc. v. Kaplan*, 508 F.3d 170 (4th Cir. 2007) (same to correct error of law); and *McKinzie v. United States*, 2012 U.S. Dist. LEXIS 7207 (S.D. WV 2012) (same; not a second or successive §2255 petition).

The purpose of Rule 60(b)(6) is to make an exception to finality, to do justice and equity. On granting Rule 60(b) relief in *Liljeberg v. Health Services Corp.*, 486 U.S. 847, 864 (1988), the Court said:

> [I]t is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process.

A Rule 60(b) motion may be used "to rectify an obvious error of law apparent on the record." *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009). Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949); see also *National Credit Union Admin. Board v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993) (Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case"). "'[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust.'" *Murchison v. Astrue*, 466 Fed. Appx. 225, 229 (4th Cir. 2012). The present case presents extraordinary circumstances because the Appellant is imprisoned for non-criminal conduct. The underlying judgment, all 2255 orders and mandates were unjustly issued due to fraud.

### 1.  *Petitioner Is Imprisoned For Acts Law Does Not Make Criminal*

Relief must be afforded to comply with the Constitution's unequivocal venue commands and effective assistance guarantees. A failure to vacate the counts of conviction in this case would constitute "a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). A miscarriage of justice is an extraordinary circumstance. *United States v. Hickman*, 626 F.3d 756, 772 (4th Cir. 2010). The miscarriage of justice/exceptional circumstances standard is met if the defendant has "been convicted under an erroneous interpretation of the

38

law." *United States v. Bonnette*, 781 F.2d 357, 364 (4ᵗʰ Cir. 1986).

The specific conduct this Appellant has been charged with, preparing papers and originating loans, does not satisfy the requirement of the *essential conduct element test* of "use or misuse of wires in Virginia." This simple concept is embodied in a straightforward reading of *Jefferson's* text. *Jefferson*, 674 F.3d at 367-368.

### 2. Actual Innocence Claims

In light of *Jefferson*, Niblock contends his wire fraud convictions must be vacated, for he was induced to plead guilty based upon bad advice from counsel, though no wires touched the charging district.

A defendant makes a viable actual innocence claim if he can show no reasonable juror would have convicted him. *House v. Bell*, 547 U.S. 518 (2006). Appellant is actually innocent because *Jefferson* makes clear Niblock's alleged conduct is not criminalized by the statute, and is beyond Government's power to punish. *Schirro v. Summerlin*, 542 U.S. 348, 352 (2004). See *United States v. Thomas*, 627 F.3d 534 (4ᵗʰ Cir. 2010) (same, citing *Schirro*).

On an equitable exception to AEDPA's gatekeeping functions, in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), the Court said:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations.

Nothing in AEDPA demonstrates Congress' intent to preclude courts from applying the miscarriage of justice exemption to a case such as this, where the district court's <u>error of law</u> in the original proceedings, precluded relief earlier. AEDPA's successive restrictions apply only to new evidence.[16]  See *Kuhlman v. Wilson*, 477 U.S. 436, 454 (1986) (cited in *McQuiggin* as still good case law even after AEDPA): "[W]e conclude that the ends of justice require federal courts to entertain such [second or successive] petitions only where the prisoner supplements his constitutional claims with a colorable showing of factual innocence."

Niblock meets that standard with the newly available evidence from recanting trial defense counsel. By Appellant's unrelenting due diligence, he recently gathered the truth from trial counsel, who stonewalled for years after committing 2255 material perjury for the Government.  The presented newly available evidence shows by clear and convincing evidence sufficient proof of actual innocence such that the failure to consider his claim would constitute a miscarriage of justice.  That new evidence also shows by clear and convincing evidence governmental sponsored fraud on the 2255 court, and bars Government from asserting any time-bar.  That new evidence entitles  Niblock to a evidentiary

---

[16]  Because Appellant is entitled to Rule 59(e) review of the underlying habeas judgment, his claims cannot be construed as second or successive in any instance.

hearing on his IAC claims and innocence claim.

In *Larsen v. Soto*, 730 F.3d 930 (9th Cir. 2013), the court affirmed the district court's denial of a warden's motion to dismiss a facially untimely 28 U.S.C. §2254 habeas corpus petition based on a showing of actual innocence. The inmate's sole claim for relief was his trial counsel was unconstitutionally ineffective because he failed to locate, investigate, and present exculpatory witnesses or to present a third-party culpability theory to the jury. The district court had held Larsen's conviction is constitutionally untenable because he received ineffective assistance of counsel at trial, and the Warden did not appeal that ruling. The appeals court explained that where post-conviction evidence casts doubt on Larsen's conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the *Schlup* gateway to allow consideration of otherwise barred claims. See *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995); and *Bousley v. United States*, 523 U.S. 614, 618-619 (1998) (if neither counsel nor the court correctly understood the "essential elements" of the crime, the defendant's plea is unconstitutional). "Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." *Id*. at 623. See *Schlup v. Delo*, 513 U.S. 298 (1995) (the "actual innocence" exception is also known as the

"fundamental miscarriage of justice" exception).  See *Teleguz v. Pearson*, 689

F.3d 322 (4th Cir. 2012) (district court abused its discretion in "failing to conduct

a sound and thorough analysis of Teleguz's Schlup gateway innocence claim as

required by our decision in Wolfe v. Johnson, 565 F.3d 140, 163 (4th Cir. 2009)").

In *United States v. Fisher*, 711 F.3d 460, 466 and 470 (4th Cir. 2013)

(reversing conviction obtained by guilty plea due to defense's reliance on police

misconduct), the court said:

> Even defense counsel misrepresentations can undermine the validity
> of a plea. Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602,
> 36 L. Ed. 2d 235 (1973). For example, in Strader v. Garrison, 611
> F.2d 61 (4th Cir. 1979), this Court concluded that although a
> defendant need not be informed about his parole eligibility date prior
> to entering a guilty plea, "when he is grossly misinformed about it by
> his lawyer, and relies upon that misinformation, he is deprived of his
> constitutional right to counsel. When the erroneous advice induces
> the plea, permitting him to start over again is the imperative remedy
> for the constitutional deprivation." Id. at 65. *** Finally, allowing a
> defendant's guilty plea to stand when a police officer intentionally
> lies in a search warrant affidavit undermines public confidence in our
> judicial system. "Whether to prosecute, issue a warrant, indict and
> convict are serious matters that are decided in large measure based on
> what a police officer relates. So when an officer does not tell the
> whole truth, public confidence in the fair administration of criminal
> justice inevitably is eroded." United States v. Gribben, 984 F.2d 47,
> 48 (2d Cir. 1993).

Holding "causal" acts constitute *no offense* in the absence of a touching

wire, *Jefferson* announced what the wire fraud statute has always meant, even

before Appellant's conviction.  That interpretation means, just as in the *Bailey*[17] line of cases, Appellant's plead guilty to facts which constitute no offense.  See *United States v. Riddick*, 1998 U.S. App. LEXIS 28995 (4th Cir. 1998) (reverse denial of Section 2255 relief for *Bailey* claim, and remand to allow petitioner to make a showing of actual innocence after entering guilty plea); *United States v. Arrington*, 1998 U.S. App. LEXIS 17088 (4th Cir. 1998) (same).

### 3.   This Circuit Requires Vacatur of Conviction In This Circumstance

This Court must preserve the Constitutional right to proper venue and uphold its controlling precedents.  The right to proper venue in a criminal case was of such overriding importance to the framers of the Constitution, it is mandated in two separate provisions; Amendment VI and Article III, § 2, Cl. 3.  "It is well settled that, in a criminal case, venue must be narrowly construed."[18]   To preserve this right, this Court must prevent a fundamentally unjust conviction for acts the law does not criminalize.

This Circuit  has consistently overturned convictions for the sake of "protecting a basic right."  A right guaranteed in two Constitutional provisions,

---

[17]  *Bailey v. United States*, 516 U.S. 137 (1995), holding claim that prisoner's conviction rested on an improper definition of "use" was incarcerated for conduct that is not criminal, may challenge his conviction under 28 U.S.C. §2241.  See *In Re Byron Jones*, 226 F.3d 328 (4th Cir. 2000).

[18]  *Jefferson*, 674 F.3d at 364.

43

must be a most sacred of rights. In *United States v. Akinsade*, 686 F.3d 248 (4th Cir. 2012), this court reversed a 12 year old conviction obtained by guilty plea, because of the "fundamental error" that his attorney's material misadvice to plead guilty was contrary to the law at the time.

Appellant's plea was entered to charges lacking venue, and counsel's advice, as counsel now admits, was contrary to the plain law at the time. See *United States v. Mandel*, 862 F.2d 1067 (4th Cir. 1988) (reversal for multiple defendants where mail fraud convictions were based on incorrect legal theory); *United States v. Shamy*, 886 F.2d 743 (4th Cir. 1989) (vacating denial of defendants motion for a writ of error *coram nobs* and remanding with instructions to grant the writ where the legal theory for wire fraud conviction was invalid).

Appellant stands convicted for document preparation in Virginia, which conduct the law does not criminalize. **"Venue is established in those locations where the wire transmission at issue originated ... or was received."** *Jefferson,* 674 F.3d at 369. There were no wires to or from Virginia in the case at bar.

### 4.    Sustaining Conviction Violates Equal Protection Clause and Bestows a Windfall to the Government

Maintaining Appellant's conviction, after overturning Jefferson's conviction, on identical facts, where no wire touched the charging district, violates the Equal Protection Clause. It reflects a disparate treatment of similarly situated

defendants, lacking any rational basis. *United States v. Pierce,* 409 F.3d 228, 234 (4ᵗʰ Cir. 2005). The Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cliburn v. Cliburn Living Center*, 473 U.S. 432, 439 (1985). Presently, Mr. Jefferson has been adjudicated innocent, and Appellant guilty, on identical facts. From his convictions in **the Alexandria Division**, Appellant raised the exact issue prior to this Court's rendering *Jefferson*, citing virtually every case *Jefferson* relied on. Contrary to *Jefferson*, the district court adopted Government's theory that "causal acts" justified venue. That theory was rejected in *Jefferson* on direct appeal from **the Alexandria Division**. Appellant must be afforded equal protection and have his convictions vacated.

Although the Fifth Amendment does not contain an explicit equal protection clause, as is provided in the Fourteenth Amendment, the Supreme Court has interpreted the Fifth Amendment's due process clause as incorporating an equal protection aspect. The framework analysis for equal protection claims under the Fifth Amendment is the same as that under the Fourteenth Amendment. *United States v. Lawson*, 677 F.3d 629, 637 n.7 (4ᵗʰ Cir. 2012) (vacating conviction). See *Roper v. Weaver*, 550 U.S. 598, 600-601 (2007) (Court refused to apply AEDPA's procedural bar, where petitioners sought federal habeas relief, and district court made an error of law with regard to one, because "we find it appropriate to exercise our discretion to prevent these three virtually identically situated litigants

from being treated in a needlessly disparate manner ....").

### 5. The Government's Windfall Must Be Vacated

"An incorrect interpretation of the law should be regarded as a potential

'windfall'." *Williams v. Taylor*, 529 U.S. 362, 392 (2000). In *Lockhart v. Fretwell*,

506 U.S. 364 (1993), the Court concluded the overriding interest in fundamental

fairness precluded awarding the *defendant* a different outcome based on an

incorrect interpretation of the law. Such would be considered a "windfall" to the

defendant.

### II. District Court Erred and Abused its Discretion in Finding it Lacked Jurisdiction and then Failing to Give Consideration to Undisputed Evidence that Counsel Concealed Evidence and Provided Materially False Affidavits in the 2255 Proceedings

#### A.    Standard of Review

See standards for Rule 59(e), *supra*.  Just as with the first claim, Rule 59

allows this Court to examine the original habeas judgment with the evidence[19]

newly discovered by Appellant to guide its informed discretion.  Review of the

denial of a 60(b) motion following habeas corpus denial is reviewed for abuse of

discretion.  *Reid v. Angelone*, 369 F.3d 363, 373 (4th Cir. 2004).  An appeal of an

order treating Rule 60(b) motion as a successive 28 U.S.C. §2255 motion is not

---

[19]  Appellant was denied a fair opportunity to seek 2255 relief, since secreted from him and the 2255 court were the suppressed plea offer, the communications Log, and the defense counsels' truthful sworn statements.

appealable unless a circuit judge issues a COA. *Id*. at 369.

### B.    Standards for a COA

*Miller-El v. Cockrell*, 537 U.S. 322, 337-338 (2003) states this standard for

determining when a COA is warranted:

> [While] a prisoner seeking a COA must prove "something more than
> the absence of frivolity" or the existence of ere 'good faith' on his
> part." Internal citation omitted. We do not require petitioner to prove,
> before the issuance of a COA, that some jurists would grant the
> petition for habeas corpus. Indeed, a claim can be debatable even
> though every jurist of reason might agree, after the COA has been
> granted and the case has received full consideration, that petitioner
> will not prevail. Internal citation omitted.

### C.    The Underlying Claim Is Clearly a Constitutional Violation

Appellant's 2255 claimed counsel was ineffective in plea negotiations

(J.A.207, 246-253, 259-260; dcd#80). Appellant had no idea the attorneys had

suppressed and were continuing to suppress the Government's initial plea offer.[20]

That suppression prevented pleading of the failure to communicate a plea offer.

The district court's disposition of this issue is debatable among jurists of reason

because trial defense counsel had now admitted: (1) they never conveyed the

Governments pre-indictment (and very favorable) plea offer; (2) Appellant

requested the specific relevant documents from counsel well before filing his

---

[20] "Our decisions lend no support to the notion that defendants must scavenge for hints of undisclosed *Brady* material when the prosecution represents that all such material has been disclosed." *Banks v. Dretke*, 540 U.S. 668, 695 (2004).

habeas petition; (3) the attorneys knowingly and willfully refused to disclose the plea offer document in the habeas proceedings; (4) the attorneys' 2255 affidavits were materially misleading; (5) the plea offer would have been accepted by Appellant and not withdrawn by Government; (6) former counsel admitted the letter offer constituted a "plea offer", never communicated to Appellant; and (7) counsel admitted his 2255 affidavit was misleading (J.A.41-44, 290-309; dcd#281, 105).

There was no dispute about that below.  That offer would have resulted in no more than 135 months of incarceration.  Counsels' nefarious acts violated appellant's Fifth Amendment Due Process rights and his Sixth Amendment right to effective assistance of counsel. The legitimacy of the 2255 court's decision was undermined.  The Rule 59 court ignored these facts and controlling law.[21]  "No court of justice would require a man to serve three undeserved years in prison when it knows that the sentence is improper." *United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996).

In *Missouri v. Frye*, 132 S.Ct. 1399, 1407-1408 (2012), the Court held the Constitutional right to counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. "This Court now holds that as a general rule,

---

[21]"A district court abuses its discretion when it commits an error of law." *United States v. Williams*, 461 F.3d 441, 445 (4th Cir. 2006).

defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused". *Id.*

After the law clarification in *Frye*, 132 S.Ct. at 1408, it is now counsel rendered IAC by failing to submit to Niblock, before this court affirmed the 2255 order, the Government's "time-specific" initial plea bargain, this court should vacate the convictions and place Niblock back at the pre-plea stage to "bargain" from the position he would have been in had counsel correctly conveyed that plea offer. See *Johnson v. Uribe*, 682 F.3d 1238, 1246 (amended, rehearing denied, rehearing en banc denied, 700 F.3d 413 (9th Cir. 2012), *cert. denied sub nomine Uribe v. Johnson*, 2013 U.S. LEXIS 8137 (Nov. 12, 2013). There, the Circuit affirmed relief for counsel's IAC in plea negotiations, but modified the 2254 order by vacating conviction to place defendant "back in the position he would have been in if the Sixth Amendment violation never occurred".

## D. Counsel's Ineffectiveness Denied Appellant His 6th Amendment Rights

This Circuit has ruled on multiple occasions the failure to communicate a plea offer violates the Sixth Amendment. See *United States v. Pender*, 514 Fed. Appx. 359 (4th Cir. March 20, 2013) (citing *Frye*, reversing denial of inmates' 2255 and remanding for a hearing of sworn assertion counsel failed to pursue a plea bargain and government provided only unsworn, unauthenticated assertions);

*United States v. Bannister*, 467 Fed. Appx. 175 (4th Cir. Feb. 23, 2012) (reversing and remanding for an evidentiary hearing where petitioner asserted counsel failed to communicate a plea offer); *United States v. Evans*, 429 Fed. Appx. 213 (4th Cir. 2011) (reverse and remand for evidentiary hearing on failure to adequately communicate plea offer claim, where petitioner asserted under penalty of perjury that attorney advised against taking plea offer, petitioner went to trial, was sentenced to 246 months).

This issue is, at a minimum, <u>inherently debatable</u> among jurists of reason. In a very similar situation to the case at bar, the Fourth Circuit granted a COA. See *United States v. Mason*, 2012 U.S. App. LEXIS 11422 (4th Cir. June 5, 2012) (granting COA on whether prosecutor's letter "conveyed the then available plea offer ... or whether it simply offered a generalized discussion of Mason's sentencing exposure").

Appellant has presented more than a *prima facie* case that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### E.    The Pleadings and Record Before the District Court Asserted a Proper 60(b) Defect in the Proceedings Claim

A district court must assume and accept as true all facts pleaded by petitioner, along with the attached documentary evidence submitted. *Walker v.*

*Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

A COA is appropriate and relief is warranted to account for new evidence and to prevent a manifest injustice, where fraud affects the integrity of the 2255 proceedings. The attorneys' actions denied Appellant a fair and meaningful opportunity to seek 2255 relief. The attorneys have admitted hiding the original Government plea offer and misleadingly representing they had complied in full with their Sixth Amendment duties.

The district court abused its discretion in this matter because it ignored the undisputed facts and compelling evidence of attorney misconduct. That court also erred in failing to recognize the attorneys unprofessional conduct constitutes an "extraordinary circumstance" justifying equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2562-2565 (2010). Courts have consistently ruled willful attorney misconduct constitutes a defect in the integrity of the 2255 proceedings and a proper 60(b) claim.[22] These uncontested acts most likely constitute a fraud on the court.[23] See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 247-251 (1944) (equitable principles demand intervention and to accord all the relief

---

[22] Thus, even if this Court declines to address the issue as a Rule 59(e) claim, it warrants a COA, as it is inherently debatable.

[23] See *Cleveland Demolition Co. Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987) (attorney's involvement in a deliberate attempt to deceive the court, is a fraud on the court).

necessary to correct particular injustices). Further, there is *no time limit* to bring by Rule 59 or 60 motion a claim of a fraud on the court; and no pre-clearance COA is needed before a prisoner moves a court to re-determine whether its earlier denial of 2255 relief resulted from its reliance on representations by or evidence from the Government or its witnesses, where a later credible recantation demonstrates that material evidence or representations were false and also a serious fraud on the 2255 court.

When a court *ignores* evidence supporting petitioner's claims, it clearly errs. *Miller-El v. Cockrell*, 537 U.S. 322, 347-348 (2003). In such a case, that court's fact finding process is undermined and fatally deficient. *Id*. Here, the district court had substantial evidence counsel had made material misstatements in their 2255 affidavits, failed to reveal relevant evidence, and severely prejudiced the 2255 court's fact finding ability.

The issue of whether or not a district court had jurisdiction to entertain a Rule 60(b) motion is determined based on the nature of any facts and arguments contained in the motion and without regard for their validity. *Gonzalez v. Crosby*, 545 U.S. 524, 535-536 (2005). The same is true on the Rule 59 motion. Appellant's arguments and facts herein are classic 60(b) motion material. Further, the Government has never alleged these errors were harmless (J.A.179-198;

dcd#279).  That defense is waived.[24]

### F.    The Attorneys' Undisputed and Proven Actions Constitute Defects in the Integrity of the Habeas Proceedings – A Proper Claim for a Rule 60(b) or 59(e) Motion

On the <u>exact same factual situation</u> as the case at bar, the 10th Circuit held

the 60(b) motion was <u>not</u> a second or successive 2255.[25]  See *United States v.*

*Moya-Breton*, 2013 U.S. App. LEXIS 5295 (10th Cir. 2013).  In *Moya*, petitioner

filed a Section 2255 arguing he had not received effective assistance of counsel,

who had failed to disclose a plea offer.  The district court denied the motion,

finding there was no plea offer.  Subsequently, the petitioner obtained a copy of

the plea offer letter from the U.S. Attorney's Office, proving a plea deal *was*

offered to defense counsel.  Petitioner's Rule 60(b), alleging a fraud on the court

by former counsel, was denied by the district court, but reversed by the Circuit

Court, which relied on *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012).  In *Moya*,

the Court said:

---

[24]"[W]e must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness."  *United States v. Mackins*, 315 F.3d 399, 405 (4th Cir. 2003).

[25] In § 2253, Congress codified the standard for a COA, announced in *Barefoot v. Estelle*, 463 U.S. 880, 893-894 (1983).  If a petitioner's claims find direct support in another court's decision, even a different Circuit, then a petitioner is entitled to a COA, as the issue is clearly debatable. For a Court of Appeals to be able to deny a request for a COA, it "should be confident that petitioner's claim is squarely foreclosed by statute, rule or authoritative court decision, or is lacking in any factual basis in the record of the case, before dismissing it as frivolous." *Id*, at 894.

The letter from the U.S. Attorney undercuts the district court's apparent understanding that there was no plea agreement for defense counsel to disclose.  The letters existence also suggests a need for an explanation from the government, which did not mention the plea agreement referred to in the letter in its response to Moya-Breton's § 2255 motion.

This Court has stated a 60(b) petitioner who claims he "was denied a fair opportunity to seek relief through § 2255", is entitled to a merits determination of his 60(b) claim, as such does not constitute a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003) (Winestock's motion directly attack his conviction or sentence, not a defect in the collateral review process and, thus, constituted an improper Rule 60(b) motion).        However, in *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), the Supreme Court said:

> We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

"[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider [and not a successive 2255]".  *Winestock,* 340 F.3d at 207.

Niblock's Rule 59(e) motion properly sought to remedy extraordinary and egregious defects in the 2255 process.  Earlier in its Response, Government

reasoned **the court lacked jurisdiction** to consider the Rule 60(b) motion to reconsider the merits of 2255 claims previously denied.

For all the reasons under **ARGUMENT** in this brief, which are incorporated here at, Niblock submits the court clearly erred:  (a) in summarily denying on July 2, 2013 (J.A.82; dcd# 293), the request in the F.R.Civ.P. 15, 52(b) and 59(e) motion (J.A.37; dcd#281) to review the earlier §2255 orders (J.A.310-371); and (b) in denying Rule 60(b) relief for the reasons stated in Government's Response (J.A. 198, 179-194; dcd#279-280),which, *inter alia*, included no jurisdiction to adjudicate the 60(b) motion (J.A.192 & 199; dcd#279-280).

The Rule 59(e) order should be reversed, for the material recantations by counsel were not filed until March 19, 2013, and those allegations in inmates affidavit were undenied by Government; and thus each had to be treated as true. *Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir. 1983) (vacating judgment denying motion to vacate prior order where allegations in inmate's affidavit were undenied, and thus "treated as true").  "Where the moving party has been prevented from presenting the merits of his case by the conduct of which he complains, Rule 60(b) relief is most appropriate."  Id.

In *In re Pickard*, 681 F.3d 1201, 1205-1207 (10th Cir. 2012), defendant's claim, which detailed the prosecutor's false statement and Government's withholding of information and commission of fraud in the 2255 proceedings,

which prevented defendants from obtaining relevant discovery to establish their

2255 claims, was a  challenge to "the integrity of the §2255 proceedings and is

therefore properly presented under Rule 60(b)").  *Pickard* provides an insightful

analysis of the public policy reasons compelling district court's to reach the merits

of such claims:

> In our view, the matter should be heard by the district court because Defendants' claim challenges the integrity of the § 2255 proceedings and is therefore properly presented under Rule 60(b).... In contrast, the claim in the Rule 60(b) motion is that the prosecutor committed fraud in the § 2255 proceedings that prevented Defendants from obtaining discovery to establish their § 2255 claims. If we assume the truth of Defendants' allegations, as we must at this juncture, then Defendants have stated a proper Rule 60(b) motion. *** If Defendants' claim of prosecutorial deceit during the § 2255 proceedings must be treated as a second-or-successive § 2255 motion, then the government's alleged misconduct during that proceeding could compound a substantial injustice to Defendant.... "[T]o treat [the defendant's] Brady claim as a second or successive request for habeas relief, subject to the almost insurmountable obstacles erected by 28 U.S.C. § 2244(b)(2)(B), would be to allow the government to profit from its own egregious misconduct." *** We REMAND, however, for the district court to consider in the first instance Defendants' claim that the prosecutor's false statement improperly prevented them from obtaining relevant discovery in the § 2255 proceedings.

*Id*. at 1205-1207.  See *Lahay v. Armontrout*, 923 F.2d 578, 579 (8th Cir. 1991)

(§2254 case was remanded for an evidentiary hearing where the IAC claim was

the attorney committed perjury in connection with earlier state habeas proceedings

and that state habeas hearing lacked fairness and unreliable); *Workman v. Bell*,

227 F.3d 331, 336 (6th Cir. 2000) (sufficient facts shown to warrant an evidentiary

hearing on claims of "fraud upon the court" and new evidence); *Rodriguez v. Mitchell*, 252 F.3d 191, 198, 201 (2nd Cir. 2001) (attorney's concealment of evidence from a 2255 court relates to the integrity of the proceedings and is a proper Rule 60(b) motion and not a successive habeas petition); *Banks v. United States*, 167 F.3d 1082, 1083 (7th Cir. 1999) ("district court has authority to reopen Banks' habeas case only if counsel's conduct affected the integrity of the proceedings."); *Lovell v. BBNT Solutions, LLC*, 299 F.Supp.2d 612, 614-615 (E.D. Va. 2004) ("[A] motion to reconsider under Rule 60(b) is appropriate where a court 'has misinterpreted the facts, a party's position, or the controlling law.'").

The fact other co-equal or higher courts have reached a different conclusion on similar facts, suffices to require certification of an appeal. *Lynce v. Mathis*, 519 U.S. 433, 436 (1997) (granting *cert.* based on conflicting decisions in different circuits, thus implicitly certifying appealability). Moreover, under framework analysis in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), documentary evidence alone may provide the *prima facie* case necessary to establish the "inference" that it is "debatable" that a Constitutional violation has occurred.

### G.  Equitable Principles Mandate Reaching Merits of the Issue – Concealment of Evidence Mandates Equitable Tolling

"'Habeas is, at its core, an equitable remedy.'"  *Boumediene v. Bush*, 553 U.S. 723, 780 (2008).  Rooted in federal common law, the **fraudulent**

**concealment** doctrine tolls limitations. "Equitable estoppel comes into play when a party conceals a fact that prevents a potential plaintiff from having evidence necessary to prove a claim or an element thereof." *Estate of Knight v. Hoggard*, 1999 U.S. App. LEXIS 13217 (4th Cir. 1999).

Limits on second or successive petitions "did not prevent a party who had previously filed a habeas petition from asserting that a prior petition had been denied based on fraud...." *United States v. McDonald*, 1998 U.S. App. LEXIS 22073 (4th Cir. 1998). See *Supermarket of Marlinton v. Meadow Gold Dairies*, 71 F.3d 119, 122-126 (4th Cir. 1995) (reversing grant of summary judgment because limitations were tolled by fraudulent concealment); *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946) (until the fraud is discovered, no federal statute of limitations begins to run against equitable relief to one who has been injured by fraud and remains in ignorance of it without any fault or lack of diligence or care on his part). Here, it would be perverse to reward both the Government and fail to sanction former counsel for their suppression of evidence.

"If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it." *Paulcin v. McNeil*, 2009 U.S. Dist. LEXIS 69291, 2009 WL 2432684 at *2 (N.D. Fla. 2009).

## CONCLUSION

Appellant has made a substantial showing of the denial of constitutional rights. This Court is urged to grant each COA under 28 U.S.C. §§ 2244, 2253 and 2255, because "the District Court's decision was debatable". *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003). Alternatively, this Court should treat Niblock's <u>pro se</u> notice of appeal as a proper direct appeal from denials of his F.R.Civ.P. 60(b) and 59(e) motions. See *Rodriguez v. Mitchell*, 252 F.3d 191, 200 n. 3 (2nd Cir. 2001) (vacated and remanded case with instructions to grant an evidentiary hearing, the writ, and grant all appropriate relief). After proving his absolute innocence and two IAC claims, Appellant also moves this court to grant habeas relief, or alternatively, to vacate, instruct, and remand due to the district court's abuses of discretion in denying relief under 28 U.S.C. §§2244, 2253, 2255, and Rules 59 and 60 relief.

## STATEMENT ON ORAL ARGUMENT

Oral argument should be permitted. The Circuit can inquire of the Government why society and justice are best served by continuing to imprison Niblock, who has made a prima facie showing of his absolute innocence of the charges of conviction under prevailing law. Thus, in this Circuit, this appeal is not frivolous and oral argument must be allowed unless a three judge panel unanimously agree pursuant to F.R.App.P. 34(a)(2).

## <u>CERTIFICATE OF SERVICE</u>

Undersigned certifies on November 20, 2013, a true copy of the above and

the Joint Appendix was served by CM/ECF upon the United States, and **not** by

placing a copy of each into the U.S. Mail, first-class postage prepaid, addressed to

record counsel:   William P. Jauquet, Special AUSA, U.S. Attorney's Office,

Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, Virginia

22314-5794, whose phone is (703) 299-3774 and email is

William.P.Jauquet@usdoj.gov


/s/ Joseph A. Connors III
JOSEPH A. CONNORS III
Appellant's counsel
Texas Bar No. 04705400
P.O. Box 5838
McAllen, TX 78502-5838
(956) 687-8217 OFFICE
(956) 687-8230 FAX
(956) 207-6624 CELL
connors@innocent.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    Appellant's opening brief complies with the type-volume limitations of

F.R.App.P. 32(a)(7)(B) because this brief contains Joint Appendix citations

and  **<u>14,198</u>** words, which is less than the locally allowed 14,200 words,

excluding the parts of the brief exempted by F.R.App.P. Rule 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of  F.R.App.P. 32(a)(5)

and the type style requirements of F.R.App.P. 32(a)(6), because this brief has

been prepared in proportionally spaced typeface using WordPerfect X6 in 14

point Times New Roman for text and footnotes.

3.    The undersigned is providing the court an electronic version of the brief.

4.    The undersigned understands a material misrepresentation in completing this

certificate, or circumvention of the type-volume limits, may result in the

court's striking of the brief and imposing sanctions against the person signing

the brief.


/s/ Joseph A. Connors III
JOSEPH A. CONNORS III